**David Julius PRATER, Appellant**

v.

**The STATE of Texas, State.**

**No. 2–94–048–CR.**

Court of Appeals of Texas, Fort Worth.

June 8, 1995.

Rehearing Overruled Aug. 10, 1995.

David B. Lobingier, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall, Charles M. Mallin, Edward L. Wilkinson, John Harding, and Sylvia Mandel, Asst. Dist. Attys., Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT and BRINGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant was arrested and indicted for capital murder. The State waived the death penalty, and the case was tried to a jury which convicted Appellant of capital murder. Appellant had filed a timely election asking that the jury assess his punishment. Since the only possible punishment was life imprisonment, the court sentenced Appellant without a punishment hearing.

Appellant complains in a single point of error that the trial court erred in refusing to declare Article 37.071, Section 1 of the Texas Code of Criminal Procedure unconstitutional. In the same point of error, Appellant complains that the trial court erred in failing to allow a hearing concerning punishment. Although the sole point of error is multifarious, both complaints will be addressed in the interest of justice. We affirm the judgment of the trial court.

Article 37.071(1) provides:

If a defendant is found guilty in a capital felony case in which the state does not seek the death penalty, the judge shall sentence the defendant to life imprisonment.

TEX.CODE CRIM.PROC.ANN. art. 37.071, § 1 (Vernon Supp.1995). Appellant complains that the mandatory assessment of punishment is arbitrary and capricious and denies a defendant the right to the assessment of an individualized punishment. He relies exclusively on death penalty cases to support his complaint. Arguing that the individualized sentencing required by death penalty cases applies to cases in which the death penalty is waived, Appellant claims that the failure to provide an opportunity for a defendant to proffer mitigating evidence violates his rights under Article I, Sections 13 and 19 of the Texas Constitution and the Eighth Amendment to the United States Constitution.

■ At trial, Appellant invoked only the United States Constitution, generally. The State argues that Appellant waived his complaint under the Texas Constitution by failing to invoke the Texas Constitution at trial. The Texas Court of Criminal Appeals has held:

Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal. See *Moore v. State*, 672 S.W.2d 242 (Tex. App.—Houston [14th Dist.] 1984, no pet.); *see also Ex parte Chambers*, 688 S.W.2d 483, 485 (Tex.Cr.App.1985) (Campbell, J., concurring), *cert. denied*, 474 U.S. 864, 106 S.Ct. 181, 88 L.Ed.2d 150.

*Rabb v. State*, 730 S.W.2d 751, 752 (Tex. Crim.App.1987). We shall, therefore, address Appellant's constitutional claims under both federal and state constitutions.

■ The State also argues that, because Appellant failed to separate his Texas and United States constitutional claims, raising both in a single point of error, he has waived his state constitutional claim. The State is correct. *See Heitman v. State*, 815 S.W.2d 681, 690, n. 23 (Tex.Crim.App.1991); *De-Blanc v. State*, 799 S.W.2d 701, 706 (Tex. Crim.App.1990), *cert. denied*, 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1076 (1991). We shall, however, address complaints under both state and federal constitutions in the interest of justice.

## EIGHTH AMENDMENT CLAIM

■ Appellant complains that the Texas punishment scheme under TEX.PENAL CODE ANN. § 12.31(a) (Vernon 1994) violates the prohibition against cruel and unusual punishment because, by providing for an automatic life sentence when the State waives the death penalty in a capital murder case, it restricts the sentencer's access to mitigating evidence. The United States Supreme Court has rejected this argument. *See Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). The Court distinguished between the death penalty and all other penalties, holding:

The penalty of death differs from all other forms of criminal punishment, not in degree but in kind. It is unique in its total irrevocability. It is unique in its rejection of rehabilitation of the convict as a basic purpose of criminal justice. And it is unique, finally, in its absolute renunciation of all that is embodied in our concept of humanity.

*Id.* at 995, 111 S.Ct. at 2702, 115 L.Ed.2d at 865 (quoting *Furman v. Georgia*, 408 U.S. 238, 306, 92 S.Ct. 2726, 2760, 33 L.Ed.2d 346 (1972)). The Court further stated that it had "drawn the line of required individualized sentencing" at death penalty cases, and saw "no basis for extending it further." *Id.*

## CONSTITUTION OF THE STATE OF TEXAS, Article I, Sections 13, 19

Because both section 13 and section 19 involve due course of law mandates, they will be discussed together. Section 13 also prohibits cruel and unusual punishment, as does the Eighth Amendment to the United States Constitution. To that extent, federal and state constitutional provisions will be discussed jointly.

The Texas capital murder scheme provides for only two possible punishments in the event of conviction: life imprisonment or death. TEX.PENAL CODE ANN. § 12.31 (Vernon 1994). At the punishment phase of a

trial, mitigating evidence is relevant to the determination of the appropriate sentence. Since only a jury may hear the sentencing phase when the State seeks the death penalty, a jury determination that the mitigating circumstance or circumstances warrant a sentence of life imprisonment rather than a death sentence gives effect to the requirement that a jury consider any mitigating evidence. TEX.CODE CRIM.PROC.ANN. art. 37.071, § 2(e) (Vernon Supp.1995). See *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). The purpose of requiring that a death penalty defendant be allowed to present mitigating evidence at punishment, then, is to permit that defendant to show evidence that militates against the death penalty in that particular case.

Similarly, a juvenile offender who has been certified to stand trial for capital murder as an adult may not be sentenced to death. TEX.PENAL CODE ANN. § 8.07(d) (Vernon 1994).[1] Presumably, the law statutorily considers youth in mitigation of the death penalty and thereby mandates the lesser of the two possible punishments for capital murder.

It may be said, then, that when the State waives the death penalty in a capital murder case, it has conceded the punishment questions in the same way the State may concede an enhancement paragraph or count and offer no evidence on that matter. When the enhancement element is waived, there is no issue in controversy regarding enhancement of punishment and no evidence is required. There is no need to offer evidence of mitigating factors when no greater punishment than the minimum punishment permitted for the offense may be imposed.

▮ It cannot be said, therefore, that article 37.071, section 1, is unconstitutional for failure to avoid arbitrary and capricious infliction of punishment because the law, not the jury and not the judge, predetermines what the punishment will be when the death penalty is waived, and it provides the maximum benefit Appellant could receive from offering mitigating evidence in a contested punishment hearing before a jury. Nor can it be said that it is unconstitutional for failure

to avoid cruel and unusual punishment. *See Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (mandatory life sentence under prior Texas recidivist statute not cruel and unusual punishment). *Alvarado v. State*, 596 S.W.2d 904 (Tex.Crim.App. [Panel Op.] 1980); *Armendariz v. State*, 529 S.W.2d 525 (Tex.Crim.App.1975).

▮ Article 37.071 likewise does not offend guarantees of due process and due course of law. A defendant in a criminal case has no constitutional right to have the jury assess his punishment. *Allen v. State*, 552 S.W.2d 843, 847 (Tex.Crim.App.1977); *Emerson v. State*, 476 S.W.2d 686 (Tex.Crim. App.1972); *Cammon v. State*, 672 S.W.2d 845, 851 (Tex.App.—Corpus Christi 1984, no writ). He does, however, have a statutory right to have the jury assess his punishment. *Washington v. State*, 677 S.W.2d 524, 527 (Tex.Crim.App.1984). The legislature having statutorily created the right to have the jury assess punishment, the legislature may alter or abolish the procedure whereby the jury assesses punishment, within the bounds of due process and other constitutional strictures. *Ex parte Moser*, 602 S.W.2d 530, 533 (Tex.Crim.App.1980).

Appellant's single point of error is overruled and the judgment of the trial court is affirmed.

---

**1.** TEX.PENAL CODE ANN. § 8.07(d) (Vernon 1994) provides:

(d) No person may, in any case, be punished by death for an offense committed while he was younger than 17 years.