HUGHES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-188-CR

BOBBY DALE HUGHES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

-----------

Appellant Bobby Dale Hughes appeals from his conviction by a jury for the offense of capital murder.  In three points, appellant argues that (1) the evidence was legally insufficient to support his conviction, (2) the evidence was factually insufficient to support his conviction, and (3) article 37.071 of the code of criminal procedure is unconstitutional.  We affirm.  

On October 11, 2001, Kierian McDowell was at a barbeque at appellant’s girlfriend’s house.  While there, McDowell overheard appellant and Don Toluao talking about robbing someone.  The next day, McDowell again went to appellant’s girlfriend’s house, and, after hearing a gunshot, went into the garage, where he saw Lamar Moore lying dead on the ground and Toluao holding a gun.  As appellant was going through Moore’s pockets, he said that he “liked seeing this type shit.”  Toluao ordered McDowell to help Toluao and appellant load Moore’s body into the back of Moore’s Suburban.  The three men then drove Moore’s Suburban to a nearby field, where Toluao and appellant dumped Moore’s body.  They then drove to a motel in Dallas.  Toluao had reserved the motel room the night before, and appellant was listed as a co-occupant.  The three men stayed in Dallas for several days before returning to Fort Worth. 

Fort Worth Police arrested appellant after he returned to Fort Worth.  Appellant pled not guilty to the charge of capital murder.  A jury found appellant guilty, and the trial court assessed appellant’s punishment at life imprisonment.  
 In his first and second points, appellant argues that the evidence was legally and factually insufficient to sustain his conviction.  Appellant first discusses the standards of review for legal and factual sufficiency challenges.  Without citing to specific evidence in the record, appellant concludes that the evidence was legally and factually insufficient.  Appellant does not explain how the evidence was insufficient or even specify which element or elements of the charged offense were not proven.  Because appellant’s first two points are inadequately briefed, we will not review their merits.  
See
 
Tex. R. App. P.
 38.1(h); 
Alvarado v. State
, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995); 
State v. Gonzalez
, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993).  We overrule appellant’s first two points.   

In his third point, appellant argues that article 37.071 of the code of criminal procedure, which requires a judge to sentence a defendant found guilty of a capital felony to life imprisonment if the State does not seek the death penalty, violates the prohibition against cruel and unusual punishment in the Texas and United States Constitutions.  
See
 U.S. 
Const. 
amend. VIII; 
Tex. Const.
 art. I, § 13; 
Tex. Code Crim. Proc. Ann.
 art. 37.071, ྷ1 (Vernon Supp. 2004-05).  However, this court rejected the same argument in 
Prater v. State
.  903 S.W.2d 57, 60 (Tex. App.སྭFort Worth 1995, no pet.).  Appellant does not mention 
Prater
 or argue why we should not follow our own precedent.  Therefore, adhering to the doctrine of stare decisis, we hold that article 37.071 does not violate the prohibition against cruel and unusual punishment in the Texas and United States Constitutions.  
See McGlothlin v. State
, 896 S.W.2d 183, 188-89 (Tex. Crim. App. 1995) (“Stare decisis dictates that we adhere to precedent and not disturb a settled principle of law.”) (emphasis omitted).  We overrule appellant’s third point.

Having overruled all of appellant's points, we affirm the trial court's judgment.     
 
 

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 29, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.