COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-188-CR
  
  
BOBBY 
DALE HUGHES                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
-----------
        Appellant 
Bobby Dale Hughes appeals from his conviction by a jury for the offense of 
capital murder. In three points, appellant argues that (1) the evidence was 
legally insufficient to support his conviction, (2) the evidence was factually 
insufficient to support his conviction, and (3) article 37.071 of the code of 
criminal procedure is unconstitutional. We affirm.
        On 
October 11, 2001, Kierian McDowell was at a barbeque at appellant’s 
girlfriend’s house. While there, McDowell overheard appellant and Don Toluao 
talking about robbing someone. The next day, McDowell again went to 
appellant’s girlfriend’s house, and, after hearing a gunshot, went into the 
garage, where he saw Lamar Moore lying dead on the ground and Toluao holding a 
gun. As appellant was going through Moore’s pockets, he said that he “liked 
seeing this type shit.” Toluao ordered McDowell to help Toluao and appellant 
load Moore’s body into the back of Moore’s Suburban. The three men then 
drove Moore’s Suburban to a nearby field, where Toluao and appellant dumped 
Moore’s body. They then drove to a motel in Dallas. Toluao had reserved the 
motel room the night before, and appellant was listed as a co-occupant. The 
three men stayed in Dallas for several days before returning to Fort Worth.
        Fort 
Worth Police arrested appellant after he returned to Fort Worth. Appellant pled 
not guilty to the charge of capital murder. A jury found appellant guilty, and 
the trial court assessed appellant’s punishment at life imprisonment.
        In 
his first and second points, appellant argues that the evidence was legally and 
factually insufficient to sustain his conviction. Appellant first discusses the 
standards of review for legal and factual sufficiency challenges. Without citing 
to specific evidence in the record, appellant concludes that the evidence was 
legally and factually insufficient. Appellant does not explain how the evidence 
was insufficient or even specify which element or elements of the charged 
offense were not proven. Because appellant’s first two points are inadequately 
briefed, we will not review their merits. See Tex. R. App. P. 38.1(h); Alvarado v. 
State, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995); State v. Gonzalez, 
855 S.W.2d 692, 697 (Tex. Crim. App. 1993). We overrule appellant’s first two 
points.
        In 
his third point, appellant argues that article 37.071 of the code of criminal 
procedure, which requires a judge to sentence a defendant found guilty of a 
capital felony to life imprisonment if the State does not seek the death 
penalty, violates the prohibition against cruel and unusual punishment in the 
Texas and United States Constitutions. See U.S. Const. amend. VIII; Tex. Const. art. I, § 13; Tex. Code Crim. Proc. Ann. art. 37.071, 
§1 (Vernon Supp. 2004-05). However, this court rejected the same argument in Prater 
v. State. 903 S.W.2d 57, 60 (Tex. App.—Fort Worth 1995, no pet.). 
Appellant does not mention Prater or argue why we should not follow our 
own precedent. Therefore, adhering to the doctrine of stare decisis, we hold 
that article 37.071 does not violate the prohibition against cruel and unusual 
punishment in the Texas and United States Constitutions. See McGlothlin v. 
State, 896 S.W.2d 183, 188-89 (Tex. Crim. App. 1995) (“Stare decisis 
dictates that we adhere to precedent and not disturb a settled principle of 
law.”) (emphasis omitted). We overrule appellant’s third point.
        Having 
overruled all of appellant's points, we affirm the trial court's judgment.
  
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
   
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 29, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.