COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| JAVIER LOPEZ, | | No. 08-09-00326-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 409th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20090D01435) |
| | § | |

## OPINION ON MOTION FOR REHEARING

We grant Appellant's motion for rehearing and deny his motion for publication of opinion. The opinion and judgment issued on June 30, 2011 is hereby withdrawn, and this opinion is issued in its stead.

This is an appeal from a conviction for robbery. In his sole issue on appeal, Appellant asserts that the trial court erred in denying his motion to withdraw counsel. We affirm.

Appellant's first appointed attorney moved to withdraw when she left the private practice of law. The trial court appointed a different attorney to represent Appellant. Appellant asked that attorney to withdraw so that he could be represented by Brandon Lee Lettunich, who was representing him in another case. The trial court granted counsel's motion to withdraw and appointed Lettunich. After that, Appellant retained another attorney, who entered an appearance on October 5, 2009. Lettunich filed a motion to withdraw on October 14, 2009, and the retained attorney moved to withdraw two days later, claiming that he had not been paid. The record does not contain a ruling on these motions, and Lettunich continued as Appellant's counsel. On November 19, 2009, Lettunich filed another motion to withdraw, stating that he had a material

conflict of interest and that, as a result, he was no longer capable of zealous representation. On November 23, 2009, Appellant filed a *pro se* motion for withdrawal of counsel and appointment of new counsel. He stated that he was dissatisfied with Lettunich because Lettunich had not communicated with him and had not investigated all possible defenses or researched the pertinent legal issues. The trial court signed an order denying the withdrawal of counsel on November 23rd, using the form included with Appellant's *pro se* motion rather than the form included with counsel's most recent motion.

On December 7, 2009, Appellant pled guilty to the robbery charge, as well as two other charges, pursuant to a plea bargain. He was given concurrent ten-year sentences for all three charges.

We review the denial of a motion to withdraw for abuse of discretion. *See King v. State*, 29 S.W.3d 556, 566 (Tex.Crim.App. 2000). Appellant contends that the trial court abused its discretion by refusing to let Lettunich withdraw since Lettunich believed that he could not zealously represent Appellant due to a conflict of interest. Appellant also contends that the trial court should have conducted a hearing regarding the conflict of interest.

Although the record contains several motions to withdraw, only one of those motions--the one filed by Lettunich on November 19, 2009--asserted a conflict of interest. Despite the plethora of motions, the record contains only one order denying the withdrawal of counsel. The trial judge signed that order on the same day that Appellant filed a *pro se* motion for withdrawal and he used the form order that was attached to that motion. Thus, one plausible interpretation of the record is that the trial court intended to deny the *pro se* motion. But it is also possible that the court intended to deny one or more of the other motions to withdraw. Because it is unclear

which motion the court denied, the State asserts that Appellant's issue regarding the conflict of interest has not been preserved for review. Appellant counters that counsel's November 23rd motion and his November 19th *pro se* motion "are one in the same." Because the trial court refused to allow counsel to withdraw, Appellant asserts that error is preserved.

To preserve an issue for review, it is well established that a party must present a specific complaint to the trial court and must obtain a ruling on the complaint. *See* TEX.R.APP.P. 33.1(a). The Texas Court of Criminal Appeals has explained that Rule 33 "encompasses the concept of 'party responsibility.'" *Pena v. State*, 285 S.W.3d 459, 463-64 (Tex.Crim.App. 2009); *Reyna v. State*, 168 S.W.3d 173, 176-77 (Tex.Crim.App. 2005). This means that the complaining party bears the burden of clearly conveying his specific complaint to the trial judge. *Pena*, 285 S.W.3d at 464. The party must not only let the judge know what he wants, but also "why he thinks he is entitled to it." *Id*. (internal quotation marks omitted). The complaining party also has the burden to present a record showing that error was preserved. *Word v. State*, 206 S.W.3d 646, 651-52 (Tex.Crim.App. 2006).

Appellant clearly requested that counsel be allowed to withdraw and he clearly obtained a ruling denying that request. However, the record does not clearly demonstrate that the trial court ruled on the specific ground that has been raised on appeal--counsel's alleged conflict of interest. Although Lettunich's motion asserted a conflict of interest, Appellant's *pro se* motion asserted different grounds. Because the record does not reflect which motion was denied by the trial court's order, Appellant has failed to present a record showing that he preserved his appellate complaint. Nevertheless, we will consider Appellant's issue in the interest of justice. *See Prater v. State*, 903 S.W.2d 57, 59 (Tex.App.--Fort Worth 1995, no pet.)(addressing the merits of a

waived claim in the interest of justice); *see also Bayas v. State*, No. 08-09-00241-CR, 2011 WL 2714114, at *2 (Tex.App.--El Paso July 13, 2011, pet. filed)(not designated for publication)(finding it unnecessary to determine whether an issue was waived because it was clear that the issue failed on its merits).

Appellant has not demonstrated that the court abused its discretion. A defendant may not use a motion to withdraw to obstruct the judicial process or to interfere with the administration of justice. *See King*, 29 S.W.3d at 566. Here, Appellant filed a *pro se* motion for withdrawal of his first appointed attorney, using the exact language and reasons for her withdrawal as he later used in his motion for Lettunich's withdrawal. Having already requested the withdrawal of his first attorney, Appellant later requested that Lettunich be appointed to replace his second attorney. After the trial court granted this request, Appellant retained a third attorney to represent him. Lettunich then moved to withdraw, citing an inability to communicate effectively with Appellant. Before this motion was considered by the court, the retained attorney moved to withdraw for lack of payment. Lettunich's final motion to withdraw and Appellant's final *pro se* motion to withdraw were filed approximately two weeks before December 4, 2009, the date that trial was scheduled to start. On this record, the trial court could have concluded that allowing counsel to withdraw would have obstructed the judicial process. *See id.* at 565-66 (no abuse of discretion where motion to withdraw was filed two weeks before trial and counsel had put significant work into the case); *Barnett v. State*, ___ S.W.3d ___, ___, 2011 WL 2322621, at *13 (Tex.App.-- Texarkana June 14, 2011, no pet. h.)(no abuse of discretion where record demonstrated that defendant was a difficult client and two previous motions to withdraw had been granted); *Halley v. State*, No. 08-01-00088-CR, 2002 WL 1584198, at *5 (Tex.App.--El Paso July 18, 2002, pet.

ref'd)(not designated for publication)(no abuse of discretion where court had already replaced counsel three times in response to the defendant's concerns and the defendant consistently had difficulties cooperating with counsel).

Moreover, Appellant is mistaken in suggesting that the trial court had a duty to inquire about the conflict of interest alleged in Lettunich's motion. It is generally true that a court is obligated to investigate a potential conflict of interest that has been brought to the court's attention. *See Holloway v. Arkansas*, 435 U.S. 475, 484, 98 S.Ct. 1173, 1178-79, 55 L.Ed.2d 426 (1978); *Routier v. State*, 112 S.W.3d 554, 581 (Tex.Crim.App. 2003). And as Appellant notes, the Fifth Circuit has held that when an attorney is operating under an actual conflict of interest, the trial court must conduct a hearing to determine whether the defendant knowingly and voluntarily waives his right to conflict-free representation. *See United States v. Carpenter*, 769 F.2d 258, 262-63 (5th Cir. 1985); *United States v. Garcia*, 517 F.2d 272, 277-78 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). But a court does not have a duty to investigate a non-specific and conclusory assertion of a conflict of interest. *See Stephenson v. State*, 255 S.W.3d 652, 655-56 (Tex.App.--Fort Worth 2008, pet. ref'd).

Lettunich's motion stated, "Counsel has recently encountered Material Conflict of Interest [sic] and as a result, counsel feels he is incapable of zealously representing Mr. Lopez." The unsworn motion does not constitute evidence that a conflict of interest existed. *See Newman v. State*, 331 S.W.3d 447, 449 (Tex.Crim.App. 2011). Moreover, because there is nothing in the record to explain the nature of the alleged conflict, the trial court had no duty to inquire further. *See Stephenson*, 255 S.W.3d at 656 (holding that trial court did not abuse its discretion in

summarily denying motion to withdraw when counsel refused to elaborate on alleged conflict of interest for ethical reasons); *Thompson v. State*, 94 S.W.3d 11, 20 (Tex.App.--Houston [14th Dist.] 2002, pet. ref'd)(holding that trial court was not obligated to conduct a further inquiry when counsel refused to reveal the general nature of the conflict); *Frazier v. State*, 15 S.W.3d 263, 265-66 (Tex.App.--Waco 2000, no pet.)(holding that the trial court did not abuse its discretion in denying motion to withdraw that referenced unspecified "conflicts of interest"). Given the allegations in Appellant's *pro se* motion and his history of difficulty with other attorneys, Lettunich's use of the term "conflict of interest" could have referred simply to personality conflicts and disagreements concerning trial strategy. Such problems are not usually valid grounds for withdrawal. *King*, 29 S.W.3d at 566; *cf. Acosta v. State*, 233 S.W.3d 349, 355-56 (Tex.Crim.App. 2007)(holding that an actual conflict of interest exists when counsel is required to make a choice between advancing either his client's interests or some other interests, including those of co-defendants or of counsel himself).

Appellant's issue is overruled, and the judgment of the trial court is affirmed.


August 17, 2011                                   DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)