COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





JAVIER LOPEZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §


No. 08-09-00326-CR

Appeal from the

409th Judicial District Court

of El Paso County, Texas 

(TC# 20090D01435) 





OPINION ON MOTION FOR REHEARING

            We grant Appellant’s motion for rehearing and deny his motion for publication of
opinion. The opinion and judgment issued on June 30, 2011 is hereby withdrawn, and this
opinion is issued in its stead.
            This is an appeal from a conviction for robbery. In his sole issue on appeal, Appellant
asserts that the trial court erred in denying his motion to withdraw counsel. We affirm.
            Appellant’s first appointed attorney moved to withdraw when she left the private practice
of law. The trial court appointed a different attorney to represent Appellant. Appellant asked
that attorney to withdraw so that he could be represented by Brandon Lee Lettunich, who was
representing him in another case. The trial court granted counsel’s motion to withdraw and
appointed Lettunich. After that, Appellant retained another attorney, who entered an appearance
on October 5, 2009. Lettunich filed a motion to withdraw on October 14, 2009, and the retained
attorney moved to withdraw two days later, claiming that he had not been paid. The record does
not contain a ruling on these motions, and Lettunich continued as Appellant’s counsel. On
November 19, 2009, Lettunich filed another motion to withdraw, stating that he had a material
conflict of interest and that, as a result, he was no longer capable of zealous representation. On
November 23, 2009, Appellant filed a pro se motion for withdrawal of counsel and appointment
of new counsel. He stated that he was dissatisfied with Lettunich because Lettunich had not
communicated with him and had not investigated all possible defenses or researched the
pertinent legal issues. The trial court signed an order denying the withdrawal of counsel on
November 23rd, using the form included with Appellant’s pro se motion rather than the form
included with counsel’s most recent motion.
            On December 7, 2009, Appellant pled guilty to the robbery charge, as well as two other
charges, pursuant to a plea bargain. He was given concurrent ten-year sentences for all three
charges.
            We review the denial of a motion to withdraw for abuse of discretion. See King v. State,
29 S.W.3d 556, 566 (Tex.Crim.App. 2000). Appellant contends that the trial court abused its
discretion by refusing to let Lettunich withdraw since Lettunich believed that he could not
zealously represent Appellant due to a conflict of interest. Appellant also contends that the trial
court should have conducted a hearing regarding the conflict of interest.
            Although the record contains several motions to withdraw, only one of those motions--the
one filed by Lettunich on November 19, 2009--asserted a conflict of interest. Despite the
plethora of motions, the record contains only one order denying the withdrawal of counsel. The
trial judge signed that order on the same day that Appellant filed a pro se motion for withdrawal
and he used the form order that was attached to that motion. Thus, one plausible interpretation of
the record is that the trial court intended to deny the pro se motion. But it is also possible that the
court intended to deny one or more of the other motions to withdraw. Because it is unclear
which motion the court denied, the State asserts that Appellant’s issue regarding the conflict of
interest has not been preserved for review. Appellant counters that counsel’s November 23rd
motion and his November 19th pro se motion “are one in the same.” Because the trial court
refused to allow counsel to withdraw, Appellant asserts that error is preserved.
            To preserve an issue for review, it is well established that a party must present a specific
complaint to the trial court and must obtain a ruling on the complaint. See Tex.R.App.P. 33.1(a). 
The Texas Court of Criminal Appeals has explained that Rule 33 “encompasses the concept of
‘party responsibility.’” Pena v. State, 285 S.W.3d 459, 463-64 (Tex.Crim.App. 2009); Reyna v.
State, 168 S.W.3d 173, 176-77 (Tex.Crim.App. 2005). This means that the complaining party
bears the burden of clearly conveying his specific complaint to the trial judge. Pena, 285 S.W.3d
at 464. The party must not only let the judge know what he wants, but also “why he thinks he is
entitled to it.” Id. (internal quotation marks omitted). The complaining party also has the burden
to present a record showing that error was preserved. Word v. State, 206 S.W.3d 646, 651-52
(Tex.Crim.App. 2006).
            Appellant clearly requested that counsel be allowed to withdraw and he clearly obtained a
ruling denying that request. However, the record does not clearly demonstrate that the trial court
ruled on the specific ground that has been raised on appeal--counsel’s alleged conflict of interest. 
Although Lettunich’s motion asserted a conflict of interest, Appellant’s pro se motion asserted 
different grounds. Because the record does not reflect which motion was denied by the trial
court’s order, Appellant has failed to present a record showing that he preserved his appellate
complaint. Nevertheless, we will consider Appellant’s issue in the interest of justice. See Prater
v. State, 903 S.W.2d 57, 59 (Tex.App.--Fort Worth 1995, no pet.)(addressing the merits of a
waived claim in the interest of justice); see also Bayas v. State, No. 08-09-00241-CR, 2011 WL
2714114, at *2 (Tex.App.--El Paso July 13, 2011, pet. filed)(not designated for
publication)(finding it unnecessary to determine whether an issue was waived because it was
clear that the issue failed on its merits).
            Appellant has not demonstrated that the court abused its discretion. A defendant may not
use a motion to withdraw to obstruct the judicial process or to interfere with the administration of
justice. See King, 29 S.W.3d at 566. Here, Appellant filed a pro se motion for withdrawal of his
first appointed attorney, using the exact language and reasons for her withdrawal as he later used
in his motion for Lettunich’s withdrawal. Having already requested the withdrawal of his first
attorney, Appellant later requested that Lettunich be appointed to replace his second attorney. 
After the trial court granted this request, Appellant retained a third attorney to represent him. 
Lettunich then moved to withdraw, citing an inability to communicate effectively with Appellant. 
Before this motion was considered by the court, the retained attorney moved to withdraw for lack
of payment. Lettunich’s final motion to withdraw and Appellant’s final pro se motion to
withdraw were filed approximately two weeks before December 4, 2009, the date that trial was
scheduled to start. On this record, the trial court could have concluded that allowing counsel to
withdraw would have obstructed the judicial process. See id. at 565-66 (no abuse of discretion
where motion to withdraw was filed two weeks before trial and counsel had put significant work
into the case); Barnett v. State, ___ S.W.3d ___, ___, 2011 WL 2322621, at *13 (Tex.App.--Texarkana June 14, 2011, no pet. h.)(no abuse of discretion where record demonstrated that
defendant was a difficult client and two previous motions to withdraw had been granted); Halley
v. State, No. 08-01-00088-CR, 2002 WL 1584198, at *5 (Tex.App.--El Paso July 18, 2002, pet.
ref’d)(not designated for publication)(no abuse of discretion where court had already replaced
counsel three times in response to the defendant’s concerns and the defendant consistently had
difficulties cooperating with counsel).
            Moreover, Appellant is mistaken in suggesting that the trial court had a duty to inquire
about the conflict of interest alleged in Lettunich’s motion. It is generally true that a court is
obligated to investigate a potential conflict of interest that has been brought to the court’s
attention. See Holloway v. Arkansas, 435 U.S. 475, 484, 98 S.Ct. 1173, 1178-79, 55 L.Ed.2d 426
(1978); Routier v. State, 112 S.W.3d 554, 581 (Tex.Crim.App. 2003). And as Appellant notes,
the Fifth Circuit has held that when an attorney is operating under an actual conflict of interest,
the trial court must conduct a hearing to determine whether the defendant knowingly and
voluntarily waives his right to conflict-free representation. See United States v. Carpenter, 769
F.2d 258, 262-63 (5th Cir. 1985); United States v. Garcia, 517 F.2d 272, 277-78 (5th Cir. 1975),
abrogated on other grounds by Flanagan v. United States, 465 U.S. 259, 104 S.Ct. 1051, 79
L.Ed.2d 288 (1984). But a court does not have a duty to investigate a non-specific and
conclusory assertion of a conflict of interest. See Stephenson v. State, 255 S.W.3d 652, 655-56
(Tex.App.--Fort Worth 2008, pet. ref’d).
            Lettunich’s motion stated, “Counsel has recently encountered Material Conflict of
Interest [sic] and as a result, counsel feels he is incapable of zealously representing Mr. Lopez.” 
The unsworn motion does not constitute evidence that a conflict of interest existed. See Newman
v. State, 331 S.W.3d 447, 449 (Tex.Crim.App. 2011). Moreover, because there is nothing in the
record to explain the nature of the alleged conflict, the trial court had no duty to inquire further. 
See Stephenson, 255 S.W.3d at 656 (holding that trial court did not abuse its discretion in
summarily denying motion to withdraw when counsel refused to elaborate on alleged conflict of
interest for ethical reasons); Thompson v. State, 94 S.W.3d 11, 20 (Tex.App.--Houston [14th
Dist.] 2002, pet. ref’d)(holding that trial court was not obligated to conduct a further inquiry
when counsel refused to reveal the general nature of the conflict); Frazier v. State, 15 S.W.3d
263, 265-66 (Tex.App.--Waco 2000, no pet.)(holding that the trial court did not abuse its
discretion in denying motion to withdraw that referenced unspecified “conflicts of interest”). 
Given the allegations in Appellant’s pro se motion and his history of difficulty with other
attorneys, Lettunich’s use of the term “conflict of interest” could have referred simply to
personality conflicts and disagreements concerning trial strategy. Such problems are not usually
valid grounds for withdrawal. King, 29 S.W.3d at 566; cf. Acosta v. State, 233 S.W.3d 349, 355-56 (Tex.Crim.App. 2007)(holding that an actual conflict of interest exists when counsel is
required to make a choice between advancing either his client’s interests or some other interests,
including those of co-defendants or of counsel himself).
            Appellant’s issue is overruled, and the judgment of the trial court is affirmed.

August 17, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)