

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00865-CR

Julian Cedrick **BELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8623
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice
    Jason Pulliam, Justice

Delivered and Filed:  August 19, 2015

AFFIRMED

On June 7, 2012, the jury found Appellant Julian Cedrick Bell guilty of murder.  Bell elected to have the trial court assess punishment, and the trial court assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.  Bell raises two issues on appeal: (1) the State failed to produce evidence to support the enhancement allegation, and (2) his counsel's actions amounted to ineffective assistance of counsel.  We affirm the trial court's judgment.

**PROCEDURAL BACKGROUND**

On June 7, 2012, the jury found Bell guilty for the June 16, 2011 murder of Jason Keith Ross; the case was reset for a punishment hearing before the trial court. The State's indictment included an enhancement allegation relating to a September 22, 2006 conviction for felony possession of a controlled substance. The trial court's judgment indicated Bell entered a plea of true to the enhancement allegation and that the trial court found the enhancement allegation to be true. The court assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

On August 7, 2013, this court issued an opinion in this matter. *See Bell v. State*, No. 04-12-00431-CR, 2013 WL 4009669 (Tex. App.—San Antonio Aug. 7, 2013, pet. ref'd). We concluded the record contained no evidence to support the enhancement allegation, and we remanded the underlying cause for a new punishment hearing. *Id*. at *3.

On August 8, 2013, the trial court signed an amended judgment reciting "N/A" with regard to the plea to the enhancement allegation and "N/A" with regard to the trial court's finding on the enhancement allegation. Bell filed a second appeal, and on September 18, 2013, this court issued a subsequent opinion concluding that, because this court's mandate had not yet issued, the trial court was without the authority to enter the amended judgment. *See Bell v. State*, No. 04-12-00431-CR, 2013 WL 5297159, at *1 (Tex. App.—San Antonio Sept. 18, 2013, no pet.). The case was remanded to the trial court.

Six weeks later, during a second sentencing hearing, trial counsel presented arguments and Bell made a plea to the trial court. The State did not produce any new evidence to support a finding of true on the enhancement allegation. On December 8, 2014, the trial court again assessed a life sentence against Bell. The December 8, 2014 judgment contained neither a plea nor a finding on the enhancement allegation in question.

## ENHANCEMENT ALLEGATIONS

In this appeal, Bell contends the State did not prove the essential elements of the enhancement allegation beyond a reasonable doubt.

### A.  Standard of Review

Because Bell challenges the legal sufficiency of the evidence to support a finding of true to the enhancement allegation, we examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see also Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010).  "We 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Clayton*, 235 S.W.3d at 778 (quoting *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)).

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

### B.  Arguments of the Parties

Bell argues the record and supplemental record in this matter contain no evidence to support an enhancement allegation, and the trial court's judgment must be reversed for a new sentencing hearing.

The State counters that Bell's sentence was (1) based on the jury's murder conviction, (2) within the first-degree felony punishment range, and (3) not enhanced by any prior convictions.

## C.      Analysis

Bell was convicted of murder, a first-degree felony.  *See* TEX. PENAL CODE ANN. § 19.02(c).  A first-degree felony, without enhancement, is punishable "by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years."  TEX. PENAL CODE ANN. § 12.32.  As long as the punishment is within the penalty range set out in the Texas Penal Code, the trial court is vested with great discretion in imposing an appropriate sentence.  *See Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)).

Here, although the State's indictment included an enhancement allegation, the State's failure to address the prior conviction, present evidence of the conviction, or argue concerning the same, constitutes a waiver of the enhancement during the second punishment hearing.  *See Prater v. State*, 903 S.W.2d 57, 59 (Tex. App.—Fort Worth 1995, no pet.) ("When the enhancement element is waived, there is no issue in controversy regarding enhancement of punishment and no evidence is required.  There is no need to offer evidence of mitigating factors when no greater punishment than the minimum punishment permitted for the offense may be imposed.").

Bell asserts the trial court improperly used the prior conviction in determining sentencing.  The record, however, actually supports Bell was sentenced for first-degree murder, the felony for which he was convicted.  There was no mention of the prior possession conviction or a request the trial court consider the prior conviction in its assessment of punishment.  Bell did not enter a plea and the trial court neither entered a plea nor made a finding as to the enhancement paragraph.  No one objected to proceeding to sentencing based solely on the murder charge or suggested any other convictions be considered by the trial court.  Prior to announcing Bell's sentence, the trial court explained the assessment of punishment was "based on the facts and circumstances of the crime as before."

Here, the trial court's punishment fell within the range of punishment established by Texas Penal Code section 19.02, and we will not disturb a penalty imposed within the range prescribed by the legislature. *See Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); *accord Jackson*, 680 S.W.2d at 814. Accordingly, we overrule Bell's first issue on appeal.

### INEFFECTIVE ASSISTANCE OF COUNSEL

**A.     Waiver**

In his original appeal, Bell contended the trial court erred in denying his motion for new trial because the jury "shifted the burden of proof"—requiring Bell to present evidence proving his innocence. More specifically, Bell argued the jury violated his Constitutional rights by waiting for Bell to "plead his case before determining an outcome."

During the hearing on his motion for new trial, Bell's trial counsel prepared an affidavit in which she averred that, based on interviews with the jury members after the verdict was reached, the jury was waiting for the defense to put on evidence. The State countered that any question regarding the defense's case was raised by defense counsel's opening argument in which she promised evidence that was never presented. In this court's opinion dated August 7, 2013, we concluded that because Bell's defense counsel did not introduce the affidavit at the hearing on the motion for new trial, we could not consider the affidavit on appeal. *See Bell*, 2013 WL 40009669, at *2. We thus concluded the trial court did not abuse its discretion in denying the motion for new trial. *Id*.

Because Bell raised the question of jury burden shifting in his original appeal, and because only the issue of *punishment by the trial court* was tried on remand, we conclude we have no jurisdiction over Bell's complaints relating to the jury's shifting of the burden. *See Easton v. State*, 920 S.W.2d 747, 749 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (an appellant may not assert any error that occurred during guilt innocence when appealing from the retrial of punishment only).

To the extent that Bell's claims of ineffective assistance of counsel were not addressed in the original appeal, we address these claims under the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**B.      Standard of Review**

In order to establish his trial counsel rendered ineffective assistance, Bell must "establish two components by a preponderance of the evidence: deficient performance of trial counsel and harm resulting from that deficiency that is sufficient to undermine the confidence in the outcome of the trial." *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (citing *Strickland*, 466 U.S. at 687); *accord Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012).  To prove the first prong, deficient performance, Bell must prove that his attorney's performance "'fell below an objective standard of reasonableness' under prevailing professional norms and according to the necessity of the case." *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 687–88).   To prove harm, Bell "must demonstrate that he was prejudiced by his attorney's performance or that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 158 (citations omitted) (quoting *Strickland*, 466 U.S. at 694).

"An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id*.  Bell "'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 689).

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813.  "In the majority of instances, the record

on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Id*. at 813–14. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). In the absence of a developed record, we will not "speculate as to the reasons why trial counsel acted as he did, rather [we] must presume that the actions were taken as part of a strategic plan for representing the client." *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd). Moreover, an "appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

## C.    Analysis

Bell contends that his counsel, during the motion for new trial, rendered ineffective assistance of counsel by failing to introduce trial counsel's affidavit. The record is silent as to why the affidavit was not presented during the motion for new trial, and we will not speculate as to trial counsel's reasons. *See Rodriguez*, 336 S.W.3d at 302.

Based on the state of the record before us, silent as it is on trial counsel's actions and reasons therefore, Bell has failed to rebut the strong presumption that counsel's representation was within a wide range of reasonable, professional assistance and was motivated by sound strategy. *See Thompson*, 9 S.W.3d at 813–14. Accordingly, Bell failed to prove the first prong of the *Strickland* test, and thus, cannot prove his claim of ineffective assistance of counsel. *Ex parte Moore*, 395 S.W.3d at 157.

## CONCLUSION

Having overruled both of Bell's issues on appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

PUBLISH