# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00037-CR

**Lauren Brittany Brown, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 14-1467-K26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lauren Brittany Brown pleaded guilty to aggravated assault with a deadly weapon, and the trial court placed her on deferred-adjudication community supervision for eight years. *See* Tex. Penal Code § 22.02(a)(2). The State moved for an adjudication of her guilt for violating four conditions of her community supervision. She pleaded true to all allegations in the motion to adjudicate. At the revocation hearing, the trial court admonished Brown that the punishment range for the underlying offense was two to 20 years' imprisonment. *See id.* §§ 12.33(a), 22.02(b). After the hearing, the trial court sentenced her to 15 years' imprisonment and memorialized the sentence in its judgment.

In two issues, Brown contends that (1) the 15-year sentence is unconstitutionally disproportionate to her offense, under the Eighth Amendment, and (2) the evidence was insufficient to support the sentence. Because Brown did not object in the trial court and because she could have raised her Eighth Amendment claim during the punishment hearing, she did not

preserve her Eighth Amendment claim for review. And because the sentence is within the legislatively prescribed range and was not based on "nothing at all," the sentence is not subject to evidence-sufficiency review. We affirm.

## BACKGROUND

While driving one day in 2014, Brown struck a cyclist with her car, nearly killing her, after using methamphetamine the night before. The State charged her with aggravated assault with a deadly weapon, and she pleaded guilty. The trial court placed her on deferred-adjudication community supervision for eight years.

Brown complied with the conditions of her community supervision for more than a year, and she went through drug treatment. She began working with supervision officer Kathy Rebeles but soon violated several of her conditions. One condition was to periodically blow breath samples into an in-home unit, but she started frequently failing to comply. Another condition was to avoid associating with anyone who uses or possesses drugs, but she told Rebeles that she was dating a man who was using methamphetamine. A third condition was not to use controlled substances, but she tested positive for methamphetamine and amphetamine and admitted to Rebeles that she had been using controlled substances for months.

In July 2018, Officer Nicholas Simpson of the Round Rock Police Department pulled a car over for a defective brake light. He discovered that the car's passenger—Brown—had a white, crystalline substance in her backpack, which turned out to be about 3.7 grams of methamphetamine, and drug paraphernalia, including a loaded syringe. Brown's possession of methamphetamine violated a fourth condition of her community supervision.

2

Because of the alleged violations of four conditions of her community supervision, the State moved to adjudicate Brown's guilt for aggravated assault with a deadly weapon. She pleaded true to all allegations in the State's motion. The trial court held a revocation hearing, at which Rebeles, Officer Simpson, Brown, and others testified. Brown explained her work to cope with her addiction, her need to take medications for mental illness, and her drug-treatment program's requirement that she not take her medication while in treatment. She also offered a five-year plan for getting clean and keeping a job and gave the trial court a handwritten letter explaining her efforts.

The trial court then adjudicated Brown guilty of the underlying offense, revoked her community supervision, and sentenced her to 15 years' imprisonment. (The State had suggested 10–12 years.) The court explained its reasoning, including the seriousness of the underlying offense; Brown's letter, past drug-treatment work, and future plans; and the violations of community supervision by using controlled substances for months and associating with a man who was using methamphetamine. Brown did not object to the sentence during the hearing or when sentence was pronounced. She later moved for a new trial, arguing that imposing a 15-year sentence "exceed[ed] the term requested by the State on its own motion by" three to five years. The motion was denied by operation of law, and Brown now appeals her sentence.

## DISCUSSION

### I. Brown did not preserve her Eighth Amendment claim.

In her first issue, Brown contends that the 15-year sentence is unconstitutionally disproportionate under the Eighth Amendment, as applied to Texas by the Fourteenth Amendment. She argues that the trial court revoked her community supervision "because she had significant mental illness that she had tried to treat" and despite the mitigating circumstances (1) that her

3

offenses during her community supervision "would not[] be likely to happen again," (2) that she understands what she needs to do to avoid relapses, and (3) that "very long sentences" for "narcotics addicts" like her "are cruel and unusual."

The State responds that Brown "did not object to her sentence in the trial court." And it adds that "she did not file any post-trial motions or objections complaining that her sentence was either" disproportionate, cruel, unusual, or excessive.

The State is correct that Brown did not object at the sentencing hearing or when the trial court pronounced the sentence. Brown did, however, move for a new trial. The only portion of the motion for new trial relevant to Brown's first issue is her argument that imposing a 15-year sentence "exceed[ed] the term requested by the State on its own motion by" three to five years.

To preserve an issue for appellate review, a defendant ordinarily must have first raised the issue in the trial court. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) (citing Tex. R. App. P. 33.1(a)). A sentencing issue may be preserved by objecting at the punishment hearing or when the sentence is pronounced. *Id.* The defendant may preserve a sentencing issue by raising it in a motion for new trial only if the defendant did not have the opportunity to object to that issue in the punishment hearing. *Id.* at 577 & n.4.

The defendant's claim on appeal also must comport with the objection preserved in the trial court. *Hallmark v. State*, 541 S.W.3d 167, 171 (Tex. Crim. App. 2017); *see Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (noting that "even constitutional errors may be waived by failure to object at trial" and declining to review defendant's due-process claim on appeal because it did not comport with his evidentiary objection in trial court).

If not properly preserved, the defendant forfeits an Eighth Amendment claim about sentencing. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) ("Appellant is

4

presumably referring to the Texas right against cruel or unusual punishment. In any event, appellant does not designate in his brief, and we cannot find in the record, where appellant lodged his Article I, Section 13 objection in the trial court. Without such an objection, any error in this regard has been forfeited."); *Curry v. State*, 910 S.W.2d 490, 496–97 (Tex. Crim. App. 1995) ("[A]ppellant contends that Article 37.071 is unconstitutional under the provisions of article I §§ 10 and 19 of the Texas Constitution because it provides a method of inflicting the death penalty under circumstances where no one bears ultimate responsibility for sentencing individuals to die. . . . No such objection was brought before the trial court, consequently, no error was preserved."); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) ("Claims of cruel and unusual punishment must be presented in a timely manner. Because the complaint was not timely made, the claim has been waived." (internal citations omitted)).

The reporter's record shows no instance of Brown objecting to the 15-year sentence as a violation of the Eighth Amendment. The claim that she raised in her motion for new trial does not comport with any of her claims on appeal. *See Hallmark*, 541 S.W.3d at 171; *Broxton*, 909 S.W.2d at 918. And, in any event, she could have raised the claim during the punishment hearing, but she did not. *See Burt*, 396 S.W.3d at 577 & n.4. We therefore hold that Brown has not preserved her first issue for our review. *See id.* at 577; *Rhoades*, 934 S.W.2d at 120; *Williams*, 191 S.W.3d at 262.

## II. Brown's sentence is within the legislatively prescribed range and was not based on "nothing at all."

In her second issue, Brown contends that "[t]he evidence is legally insufficient to support the sentence." She argues that the sentence "seems unfair" because she acknowledged relapsing and "had a drug-free place to live, transportation support for treatment, and a better idea

of the medication and mental health treatment that she would need in order to maintain sobriety." (Internal citations omitted.) She asserts that there was no "concrete reason for . . . a sentence that would keep her in jail for fifteen years."

A sentence's length, when within the statutory range, can be challenged on appeal in only exceedingly rare circumstances. The "task of setting a particular length of confinement within the prescribed range of punishment is essentially a 'normative' judgment." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). "Aside from a few specific instances where the range of punishment depends upon the determination of discrete facts, deciding what punishment to assess is a normative process, not intrinsically factbound," and "the sentencer's discretion to impose any punishment within the prescribed range [is] essentially unfettered." *Id.* (internal quotations omitted). "Subject only to a very limited, exceedingly rare, and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id.* at 323–24.

Brown's sentence thus is not subject to evidence-sufficiency review. In fact, she acknowledges that a sentence generally will not be disturbed when it is within the statutorily prescribed range. *See Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); *Bell v. State*, 511 S.W.3d 271, 274 (Tex. App.—San Antonio 2015, no pet.). This is not an instance in which the sentencing decision was based on "nothing at all." *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (reversing sentencing decision as violation of Texas Constitution's guarantee of due course of law because decision was based on "nothing at all"—"no evidence of the offense, no information about the defendant, no punishment evidence, no plea bargain"). The record includes evidence that Brown knew what the conditions of her community supervision

6

required but still possessed methamphetamine, used methamphetamine or amphetamine for months, frequently failed to use her in-home breath unit, and associated with a man who was using methamphetamine. The record also includes the trial court's reasons for the sentence, including having considered the seriousness of the underlying offense, Brown's letter and testimony about her future plans and past treatment, and the violations of community supervision for using controlled substances for months and associating with a man who was using methamphetamine.

In sum, the 15-year sentence is within the legislatively prescribed range, *see* Tex. Penal Code §§ 12.33(a), 22.02(b), and was not based on "nothing at all," *see Jackson*, 680 S.W.2d at 814. We therefore overrule Brown's second issue. *See Ex parte Chavez*, 213 S.W.3d at 323-24; *Nunez*, 565 S.W.2d at 538; *see also Parker v. State*, 462 S.W.3d 559, 566 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("[A] sentence that is within the legislatively prescribed range, based upon the sentencer's informed normative judgment, and in accordance with due process of law 'is not subject to a sufficiency of the evidence review on appeal.'" (quoting *Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.))).

## CONCLUSION

We affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed: December 29, 2020

Do Not Publish

7