Walker, J., filed a dissenting opinion in which Alcala, J., joined.
Exhibit A *172 Walker, J., filed a dissenting opinion in which Alcala, J., joined.
DISSENTING OPINION
Appellant Jamie Hallmark was charged with felony hindering apprehension or prosecution and pled guilty pursuant to a plea bargain agreement. At the plea hearing, the trial court agreed to postpone sentencing to a later date. The trial court conditionally accepted the plea bargain agreement, on the condition that Appellant appear in court on the future sentencing date. After Appellant failed to appear on that sentencing date, the trial court converted Appellant's plea bargain agreement *173 into an open plea and sentenced her to ten years' imprisonment.
The court of appeals reversed the conviction and remanded to the trial court, deciding that the trial court rejected the plea bargain agreement and then erred by not permitting Appellant to withdraw her guilty plea pursuant to article 26.13 of the Code of Criminal Procedure.[1] We granted the State's petition for discretionary review, and the majority reverses the judgment of the Twelfth Court of Appeals. I disagree and respectfully dissent.
The majority's opinion determines that the agreement in which Appellant was to show up on an agreed date for sentencing was a part of the plea agreement, and therefore, Appellant's failure to show up for sentencing at the predetermined time, relieved the trial court from the obligation to follow the three year sentence agreement, and after sentencing Appellant to ten years, the trial judge had no duty to allow Appellant to withdraw her guilty plea. The majority opinion goes on to say that even if the judge's actions constituted an impermissible introduction of the trial judge into the plea bargaining process, the error, if any, was not preserved by objection. I disagree with this determination because I believe the record indicates that the agreement in which Appellant was to show up on an agreed date for sentencing was not a part of the plea agreement, but was instead a side agreement made between the trial court and Appellant after the plea agreement was reached between Appellant and the State. I also disagree with the majority opinion's assertion that because there was no objection to the trial court's impermissible participation in plea negotiations the issue was not preserved. The court of appeals opinion was not based on whether the trial court erred by injecting herself into the plea bargain process, but instead was based on the trial court's failure to allow Appellant to withdraw her guilty plea when the trial judge refused to follow the agreed three year sentence and instead sentenced her to ten years in prison. I believe that error was preserved by objection at sentencing.
Facts
Appellant was charged with felony hindering apprehension or prosecution, and she subsequently entered into a plea agreement with the State in which she would plead guilty in exchange for a recommended sentence of three years' imprisonment. On December 3, 2015, a plea hearing was held, and Appellant entered her guilty plea before the trial court, where the following exchange occurred:
THE COURT: Ms. Hallmark, let me tell you what the agreement is that you have agreed to, and you tell me whether that's what you signed up for, okay.
Your case is set a week from Monday, for jury trial, and today was the trial announcement, where you had to commit to what you want to do, and your lawyer and the D.A. said that y'all had worked *174 a deal out and that you wanted to plead guilty but be sentenced in January.
And I said that I would do it on two things: One, you would have to waive a jury, so I could take it off the jury docket for later in the month; and that if you came at the time you were supposed to, then I would follow the plea bargain out.
If you did not come, and chose not to show, then you would be looking at the full range of punishment on the third-degree felony, and I would assess your range of punishment, and the plea would be off. So if you do your part, you get your deal. If you don't, then I decide what you get, no jury.
Is that what you believed you signed up for?
THE DEFENDANT: Yes, ma'am.
...
THE COURT: Do you understand I can follow your plea bargain or reject it?
THE DEFENDANT: Yes, ma'am.
...
THE COURT: And if I do not go along with your agreement, I will allow you to withdraw your plea, I will set your case for trial, and anything you said today could never be used against you at court in the future. Do you understand those things?
THE DEFENDANT: Yes, ma'am.
(Rep. R. vol. 2, 8-10). Appellant proceeded to plead guilty, and the trial court questioned her as to whether her plea was voluntary. After that, the court continued:
THE COURT: The plea that you signed up for is: three years, with credit from December 12th, 2014, to December 31st, 2014; a $300 fine; the conditions relating to you show up, you get the three, if not, you are looking at the full range; and I would sentence you to that time January 21st, 2016, at nine o'clock in the morning.
Is that the agreement that you made?
THE DEFENDANT: Yes, ma'am.
THE COURT: Is there anything about the agreement that you do not understand?
THE DEFENDANT: No, ma'am.
THE COURT: Mr. Curley, is there anything you want to put on the record at this point before I find her guilty and recess the hearing?
EXAMINATION BY [DEFENSE COUNSEL] MR. CURLEY: Q. Ms. Hallmark, you understand the importance of showing up on the 21st of January-
A. Yes.
Q. -is that right? do you have any questions about that?
THE COURT: I think she will show.
THE DEFENDANT: I will.
THE COURT: That's what I'm saying, I think she will show.
...
THE COURT: On your plea, and the evidence introduced, I find there's sufficient evidence to find you guilty. I find you guilty of the offense of hindering apprehension in Cause No. 15CR-064.
I will assess your punishment on January 21st, 2016, at nine o'clock, to three years on the condition you are here. If you are not here, then I will assess the punishment within the range.
(Rep. R. vol. 2, 11-13). An Agreed Plea Recommendation form was filled out, putting the agreement into writing including the condition that sentencing would take place on January 21, 2016, and if Appellant did not show, the trial court would sentence her within the range of punishment. However, the plea agreement form does not indicate whether the said condition was included in the plea agreement when the *175 form was filled out, was added after the trial court admonished Appellant, or at some point in between.
Appellant failed to appear for sentencing on the agreed date. A capias was issued and Appellant was arrested on January 27, remaining in custody until the sentencing hearing was eventually held on March 17, 2016. The trial court, finding that Appellant's absence was not excused, announced that it would not follow the plea bargain and would not sentence Appellant to the previously agreed upon three years' imprisonment. The State asked the trial court to assess the sentence for some amount higher than the three years originally asked for. Appellant's counsel asked the court to honor the original plea bargain of three years. The trial court pronounced Appellant's sentence as follows:
THE COURT: The Court, on December 3rd, 2015, accepted Ms. Hallmark's guilty plea to hindering apprehension. I found her guilty and set sentencing for January 21, 2016. On January 21st, 2016, she failed to appear. And since I find there is no legal reason for failure to attend the Court hearing, the Court sentences Ms. Hallmark to ten years in the Texas Department of Criminal Justice-Institutional Division, and a $1,000 fine. Court costs, attorney's fees reimbursement to the county would be assessed.
Is there any legal reason why sentence should not be imposed?
MR. CURLEY: Judge, for the record, I think I need to make an objection to sentencing.
THE COURT: Okay.
DEFENDANT'S OBJECTION TO SENTENCE
MR. CURLEY: Judge, I would just object to the sentence that it's excessive, cruel, and unusual, and violation of the 8th Amendment. And given the Court's sentence, I would further object that it renders the Defendant's waivers of rights and plea of guilty involuntary.
And those would be my objections.
THE COURT: Your objections are noted and overruled.
(Side-bar conversation.)
THE COURT: Mr. Curley, you believe it's cruel and unusual, which I think you will get nowhere, because it's in the range of punishment,[2 ] and the Court is very firm on that, but I-I understand you make a constitutional objection.
If you-I will give her permission to appeal if she wants to.
MR. CURLEY: Judge, I have talked to her, and she said that she would want to.
...
THE COURT: I'm going to let her appeal. I think that she's using the system and me. I give her exactly what she wants, I told her that she needed to come, she chose not to come, and I raised it up. That's her own fault, and she has to live [with] the consequences of her actions.
She told me what she was doing was free and voluntarily on [December] 3rd of last year, and I guess the Court of Appeals can decide whether I'm right or wrong.
(Rep. R. vol. 3, 8-10).
Appellant appealed on two issues: (1) that the ten year sentence was cruel and unusual in violation of the Eighth Amendment; and (2) that the trial court erred in not setting aside her guilty plea and her waivers when it did not follow the plea *176 agreement. Hallmark v. State , No. 12-16-00082-CR, 2016 WL 4379500 at *1 (Tex. App.-Tyler Aug. 17, 2016) (mem. op., not designated for publication). The court of appeals agreed with Appellant's second issue, finding that the trial court rejected the plea bargain and abused its discretion by overruling Appellant's objections and declining to permit her to withdraw her guilty plea. Id. at *3. Having sustained Appellant's second issue, the court of appeals declined to address the first issue, reversed the trial court, and remanded for further proceedings. Id. at *4 & n.2.
The State petitioned this Court for review, which we granted on three grounds: (1) whether Appellant failed to preserve any of the complaints which underlie the court of appeals's decision; (2) whether the court of appeals misinterpreted the record and thus misapplied Jonathan Moore v. State , 295 S.W.3d 329 (Tex. Crim. App. 2009) ; and (3) whether Jonathan Moore v. State should be reconsidered or whether Appellant should be estopped from raising a Moore complaint in this case.[3]
Jonathan Moore v. State
I begin by examining Jonathan Moore v. State , because, as will be shown, that case is not only involved in the State's second and third grounds, but also the first. In Jonathan Moore , we were presented with a similar situation to the one before the Court today. Jonathan Moore, charged with manufacturing methamphetamine, entered into a plea bargain agreement with the State whereby he would plead guilty to the charge in exchange for a recommended sentence of twenty years. Moore , 295 S.W.3d at 330-31. At the plea hearing, the court asked if sentencing would take place at a later date. Id. at 331. The State had no objections. Id. The court offered to postpone sentencing to a month later, on the condition that Moore appeared on that date. Id. If he did not, the plea bargain agreement would not be followed and the plea would be converted into an open plea. Id. Moore agreed to these terms and pled guilty. Id. Moore failed to appear at the scheduled sentencing date, and, during a later-held sentencing hearing, the court announced that Moore's plea was an open one and sentenced him to forty years. Id.
The first part of our opinion in Jonathan Moore discussed the proper role of the trial court in the plea bargaining process. After reviewing the nature of a plea bargain agreement as a contract between a defendant and the State, we stated: "The only proper role of the trial court in the plea-bargain process is advising the defendant whether it will 'follow or reject' the bargain between the state and the defendant." Id. at 332 (quoting Tex. Code Crim. Proc. Ann. art 26.13(a)(2) ). If the trial court accepts the agreement, the State may not withdraw its offer. Id. If the court rejects the agreement, the defendant has a right to withdraw the guilty plea, and the State may then withdraw its offer. Id. Consequently, in regards to a plea bargain agreement, the trial court goes outside of its proper role and "commits error if it unilaterally adds un-negotiated terms to a plea bargain agreement." Id. However, a trial court is allowed to "conditionally agree to follow a plea bargain agreement, but only by delaying the unconditional acceptance or rejection of the agreement until after the condition has been fulfilled." Id.
*177 Applied to the facts in Jonathan Moore , it was unclear whether the court altered the plea bargain agreement by inserting conditions or whether it entered into a separate agreement with Moore, conditioning its acceptance of the plea bargain agreement upon Moore meeting his obligations under the new agreement. Id. However, the end result was the same-the trial court rejected the plea bargain agreement, and, therefore, it was required to permit Moore to withdraw the plea. Id. at 333.
But Jonathan Moore ultimately was not decided on that basis. In the second part of the Jonathan Moore opinion, we held that Moore failed to preserve the error at trial. Id. We stated that error from a trial court's intrusion into plea bargaining was in the forfeitable category under Marin , and the error was forfeited because Moore agreed to the improperly added terms and did not object to them. Id. ; see generally Marin v. State , 851 S.W.2d 275, 278-80 (Tex. Crim. App. 1993) (categorizing rights as absolute, waivable, or forfeitable for purposes of error preservation). We also stated that Moore's claim that he was not allowed to withdraw his guilty plea was not borne out by the record, because, at sentencing, he did not move to withdraw his guilty plea, despite having the opportunity to do so. Jonathan Moore , 295 S.W.3d at 333.
I also disagree with the position that this case is analogous to this Court's decision in State v. Joshua Moore , in which this Court disallowed withdrawal of a guilty plea under similar circumstances. 240 S.W.3d 248, 253 (Tex. Crim. App. 2007). In that case, this Court expressly noted that the relevant conditions-that the appellant appear at the sentencing hearing in six weeks and refrain from committing a criminal offense during the interim-had been negotiated and bargained for by the parties themselves, and had not been imposed unilaterally by the trial court. We stated, "It was not the trial judge who imposed these requirements on the appellant; the appellant and the State mutually agreed to these terms." Id. By contrast, here, the parties had already reached an agreement with bargained-for terms by the time that the trial judge imposed the condition regarding appellant's appearance for sentencing. I thus cannot agree that this Court's reasoning in Joshua Moore compels the conclusion that appellant should not be permitted to withdraw her plea under these circumstances.
Jonathan Moore v. State and Preservation
Jonathan Moore found two different claims were not preserved for appeal. First was error from a trial court's improper intrusion into the plea bargaining process. In Jonathan Moore , we acknowledged Bessey v. State , which had held that the right to be properly admonished under article 26.13(a) was waivable only. Jonathan Moore , 295 S.W.3d at 333 ; Bessey v. State , 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). But we distinguished Bessey because Jonathan Moore did not involve admonishments, and then we declared that a trial court's error in intruding into the plea bargaining process was not systemic. Jonathan Moore , 295 S.W.3d at 333. We ended by acknowledging that we had not held that trial court intrusion into the plea bargaining process was either systemic or waivable, and we declined to do so at that time. Id.
The second claim of error we found unpreserved in Moore was Moore's claim that he was not allowed to withdraw his guilty plea. Implicitly, Jonathan Moore held that trial court error in failing to permit plea withdrawal was in the forfeitable category of Marin . In this case, Appellant *178 made two claims to the court of appeals: (1) that the trial court erred in not setting aside her guilty plea and waiver of her constitutional and statutory rights when it did not follow the plea bargain agreement and (2) that the sentence amounted to cruel and unusual punishment. Hallmark , 2016 WL 4379500 at *1. Therefore, if Appellant's plea withdrawal claim was not preserved (as the similar claim in Jonathan Moore was held to be), the court of appeals would have erred in considering it, and we would sustain the State's first ground and reverse.
State's Obligation to Raise Preservation
The State, in its first ground, argues exactly that, that Appellant failed to preserve the error she claimed on appeal-that the trial court erred in not permitting her to withdraw her plea when it rejected the plea agreement. Appellant, citing Tallant and Farrell , counters that the State failed to preserve the preservation issue itself by not raising it at the court of appeals.
In Tallant , the court of appeals reversed an aggravated rape of a child conviction, finding error in the admission of over 1,000 explicit photographs of the victim in that case. Tallant v. State , 742 S.W.2d 292, 293 (Tex. Crim. App. 1987). The State petitioned this Court for review, on the ground that the court of appeals erred in considering one of Tallant's grounds of error because that ground was not preserved for appellate review. Id. Instead, we put the State to the same standard and held that "the State must call to the attention of the court of appeals in orderly and timely fashion that an alleged error was not preserved." Id. at 294.
Unfortunately for Appellant's argument, in Wilson v. State we recognized that the Tallant rule had been eroded by our line of cases holding that "preservation is a systemic requirement." Wilson v. State , 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (citing Jonathan Moore , 295 S.W.3d at 333, Mays v. State , 285 S.W.3d 884, 889 (Tex. Crim. App. 2009), and Haley v. State , 173 S.W.3d 510, 515 (Tex. Crim. App. 2005) ). "[N]ow it is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits." Id. Therefore, we held in Wilson that the State's failure to raise preservation to the court of appeals no longer prevents it from raising the contention for the first time in a petition for discretionary review. Id. at 474.
As for Farrell , that case does not support Appellant's position and is distinguishable. Unlike Tallant , which was concerned with the State's failure to raise preservation before the court of appeals, Farrell dealt with the State's failure to raise a reformation issue before the court of appeals. See Farrell v. State , 864 S.W.2d 501, 502 (Tex. Crim. App. 1993). In that case, we held that the State could not raise the issue for the first time on petition for discretionary review. Id. at 503. Appellant would have us strictly apply a statement we made in Farrell that, "[i]n order to ensure that we review only decisions of the courts of appeals, we insist that the parties, in an orderly and timely fashion, provide the courts of appeals with the first opportunity to resolve the various issues associated with the appeal." Id. However, in Farrell we recognized that there were exceptions to the rule. Id. (citing Riley v. State , 825 S.W.2d 699 (Tex. Crim. App. 1992) (State may raise defective notice of appeal for the first time on motion for rehearing)). As we made clear in Wilson , preservation no longer must be raised before the court of appeals and, therefore, is now one of the exceptions to the rule. Farrell does not go as far as Appellant *179 would have it; its holding simply provides that the State may not raise the issue of reformation for the first time on petition for discretionary review. Id. To the extent that Farrell insisted that parties raise their issues before the court of appeals, I believe this is still good practice. Parties should continue to give the courts of appeals a chance to address claims and make decisions for this Court to review, even if our review of a limited class of claims is not foreclosed in this Court because they are raised for the first time in a petition for discretionary review.
Preservation of Error-Withdrawal of Plea
Having addressed Appellant's Tallant argument, I move on to the merits of the State's preservation argument. The State points out that when the trial court imposed its sentence Appellant objected that the sentence rendered her waivers of rights and her plea involuntary, but on appeal her complaint was that the trial court rejected the plea agreement and should have allowed her to withdraw her guilty plea pursuant to article 26.13(a)(2).
Preservation of error is governed by Rule 33.1 of the Rules of Appellate Procedure. An objection must be timely and must state the grounds for the ruling sought by the complaining party with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). Here, when the trial court imposed the ten-year sentence on Appellant, she immediately objected, and thus the objection was timely. But was the objection sufficiently specific to make the trial court aware of her complaint? Appellant's objection stated a ground that the sentence rendered her waivers and plea involuntary.
However, the involuntariness of the waivers and the plea was not the complaint presented to the court of appeals. There, Appellant's point of error was that the trial court erred in not setting aside the plea and waivers when the trial court did not follow the plea agreement, failing to comply with article 26.13(a). An objection in the trial court stating one legal theory may not be used to support a different legal theory on appeal. Broxton v. State , 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) ; Rezac v. State , 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). A claim raised on appeal will not be considered if it varies from the objection made at trial. Lovill v. State , 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009) ; Heidelberg v. State , 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ; Euziere v. State , 648 S.W.2d 700, 703 (Tex. Crim. App. 1983). Appellant's objection to the trial court that the sentence rendered her plea involuntary does not comport with her claim to the court of appeals that the trial court erred in not permitting withdrawal of the plea. Accordingly, Appellant's objection to the trial court was not sufficiently specific to make the trial court aware of her article 26.13 claim.
Even if the grounds stated were not sufficiently specific, a complaint may be preserved if the grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). Appellant contends that her objection put the trial court sufficiently on notice that she was objecting to the trial court's departure from the negotiated plea bargain agreement. This is so, she argues, because her objection specifically requested adoption of the agreement's three year sentence and she objected when the court imposed a different sentence.
A close examination of Appellant's objection, in the context of the entire proceeding, reveals that she essentially asked the trial court to either sentence her according *180 to the three year term of the plea bargain agreement or to permit her to withdraw her guilty plea. The portion of the objection complaining that the sentence was cruel and unusual essentially asked the trial court to sentence Appellant to the terms of the plea bargain agreement because a ten year sentence was excessive under circumstances in which the parties had agreed to a sentence of three years. The portion of the objection complaining that the ten year sentence rendered Appellant's "waivers of rights and plea of guilty involuntary" essentially asked the trial court to allow her to withdraw her guilty plea on the basis that the court had not adhered to the terms of the plea bargain, thereby rendering her plea unknowing and involuntary. Faced with these objections, the trial court had only three possible options at that point: (1) continue with the ten year sentence that had been imposed on Appellant, (2) modify the sentence to the three years contemplated by the plea bargain agreement (in other words, accept the plea bargain agreement), or (3) allow Appellant to withdraw her guilty plea. Clearly, Appellant was not asking for the first option. Her objection that the sentence was cruel and unusual implicitly asked for the second option. Her objection that the sentence of ten years rendered her waivers and plea involuntary implicitly asked for the third option.
To put it plainly, when the trial court sentenced Appellant to ten years-that is, when it rejected the plea bargain agreement-Appellant objected that she was no longer voluntarily entering the plea. Although she did not explicitly state that she wished to withdraw her plea, the essence of the complaint is the same: her plea of guilty was no longer valid and that it should be withdrawn. Given these circumstances, the court must have understood that Appellant was requesting that it either accept the plea bargain agreement or allow her to withdraw the guilty plea. Accordingly, because Appellant's request to withdraw the plea was apparent from the record, the State's first ground, arguing that Appellant failed to preserve her claim of error, should be overruled.
Jonathan Moore v. State and Trial Courts in Plea Bargaining
The State's second ground argues that the court of appeals misapplied Jonathan Moore , and the State's third ground argues that Jonathan Moore itself should be reconsidered. Because any reconsideration of Jonathan Moore would impact our analysis of the second ground, I begin with the third. The State's third ground, asking us to reconsider Jonathan Moore , disagrees with the first part of the opinion discussing the proper role of the trial court in the plea bargain process.
The State argues that Jonathan Moore absolutely prohibits a trial court judge from having any input. This misreads Jonathan Moore . Our opinion said that a court's role is to advise whether it will accept or reject a bargain. Jonathan Moore , 295 S.W.3d at 332. Plainly, there is a place for the trial court to have some input-it can advise, and in doing so it can suggest what it will do given the terms of the plea bargain agreement at the time the parties present the agreement to the court. The court may advise the parties that, given the terms presented, it will accept the agreement. The court may advise the parties that it finds the terms unacceptable and will reject the agreement. The parties are free to modify the agreement and seek court approval again. Furthermore, the court may conditionally agree to accept the agreement, but only by delaying an unconditional acceptance or rejection until after the condition is fulfilled. Id. If the court rejects the agreement, it must still allow withdrawal. Id. Therefore, *181 Jonathan Moore does not prohibit any trial court input. What Jonathan Moore forbids is a trial court's unilateral addition of un-negotiated terms to the plea bargain agreement. Id.
The State also argues that Jonathan Moore ignores the reality of practice in the trial courts. According to the State, judges are regularly approached for their blessing or input. I acknowledge this reality, but so do Jonathan Moore and article 26.13(a)(2) -the trial court's "blessing" of a proposed plea bargain agreement is its acceptance under the statute. Jonathan Moore 's concern is with who introduces or inserts terms into the agreement. See ids="7299675" index="56" url="https://cite.case.law/sw3d/295/329/#p333">id. ("Because a plea-bargain agreement is solely between the state and the defendant, only the state and the defendant may alter the terms of the agreement; the trial court commits error if it unilaterally adds un-negotiated terms to a plea-bargain agreement.").
Finally, the State contends that if the parties are unable to craft a plea bargain agreeable to the court, an unnecessary trial may occur, wasting time and judicial resources. While I understand the concern over court resources and have sympathy for our judicial colleagues in the trial courts, every defendant has a constitutional right to trial. U.S. Const. amend. VI ; Tex. Const. art. I, § 15. It is of no moment that an "unnecessary trial" results because the defendant insists upon a term that is unacceptable to the State, because the State insists upon a term that is unacceptable to the defendant, or because the court finds a term unacceptable and rejects the plea bargain agreement. Indeed, a trial court is not required to approve of any plea bargain agreements and may prohibit plea bargain agreements altogether. Morano v. State , 572 S.W.2d 550, 551 (Tex. Crim. App. [Panel op.] 1978). The same holds true for the State-it is not required to enter into plea bargain agreements. See DeRusse v. State , 579 S.W.2d 224, 236 (Tex. Crim. App. [Panel op.] 1979) ("a defendant has no right to demand that the State enter into a plea bargain"). Plus, the statute at issue in this case, by its very design, contemplates the failure to reach a plea bargain agreement acceptable to the court-if the court rejects the plea bargain agreement, the defendant shall be permitted to withdraw the plea and proceed to trial. Tex. Code Crim. Proc. Ann. art 26.13(a)(2) (West 2009 & Supp. 2016).
We may overrule a prior case when the case was badly reasoned or is unworkable. Barajas v. State , 93 S.W.3d 36, 40 (Tex. Crim. App. 2002) ; Proctor v. State , 967 S.W.2d 840, 845 (Tex. Crim. App. 1998). However, I see no indication of how the first part of Jonathan Moore is either badly reasoned or unworkable. The State's argument is simply a disagreement with our discussion in Jonathan Moore . A bare disagreement is not enough for this Court to overrule a decision. Furthermore, cases have come to cite the disputed section of Jonathan Moore for authority. Compare Costilow v. State , 318 S.W.3d 534, 538 (Tex. App.-Beaumont 2010) (finding no court intrusion where the defendant requested modifications to the plea bargain agreement), Sherwood v. State , 340 S.W.3d 929, 932 & n.1 (Tex. App.-El Paso 2011) (finding no trial court intrusion where plea bargain agreement included waiver of appeal; trial court's certification of right to appeal certain pretrial matters was defective), and Johnson v. State , 475 S.W.3d 430, 433-34 (Tex. App.-Houston [14th Dist.] 2015) (finding that, after the defendant had already rejected the State's offer, the court's recitation of the offer on the record was not intrusion into the plea bargain process where the court's purpose was to ensure record reflected that the defendant understood the consequences of pleading guilty without a plea bargain), *182 with State v. Villarreal , 418 S.W.3d 920, 927 (Tex. App.-Austin 2013) (finding trial court impermissibly modified the plea bargain agreement by placing the defendant on deferred adjudication for child endangerment, where agreement was for defendant to plead guilty to sexual assault of a child in exchange for time served and dismissal of other pending charges).
And in truth, our discussion in Jonathan Moore was neither novel nor did it announce some new rule governing trial courts. Instead, it reflected long-standing precedent. In Kincaid v. State , we stated:
The evidence here was conflicting as to whether the trial court made a promise to grant probation before the guilty pleas were entered.... It would have been unjudicial and contrary to public policy for the trial judge to commit himself as to his decision prior to the hearing. Our system contemplates that decisions are to be reached after evidence and argument of counsel and not before. As experienced lawyers, appellant's counsel ... should not have sought or expected the trial judge to commit himself in advance of the hearing and before the presentence report was made by the probation officer.
Kincaid v. State , 500 S.W.2d 487, 490 (Tex. Crim. App. 1973).
In Ex parte Shuflin , we stated that the "proper practice is for the trial judge to carefully avoid participation or the appearance of participation in plea discussions or negotiations until such time as an agreement has been reached." Ex parte Shuflin , 528 S.W.2d 610, 617 (Tex. Crim. App. 1975). In State ex rel. Bryan v. McDonald , before quoting the above statements from Kincaid and Shuflin , we noted that "[i]n the past, this Court has clearly indicated the impropriety of judicial involvement in plea negotiations." State ex rel. Bryan v. McDonald , 662 S.W.2d 5, 8-9 (Tex. Crim. App. 1983). We further explained:
Judicial involvement in plea negotiations runs afoul of due process and fundamental fairness in several ways.
First, the trial court's role as neutral arbiter between competing parties is compromised as the court seeks to convince the defendant to accept its proffered plea.
Second, rejection of the court's offer by a defendant creates the possibility of prejudice against the defendant on the court's part whether or not such prejudice is conscious or intentional.
Third, the trial court's power over the defendant gives it an uneven advantage in the negotiations and brings home to the defendant the possibly unhappy consequences of rejecting the court's offer.
Finally, during the course of negotiations between the court and the defendant, the defendant may very well make explicit or implicit admissions or confessions that would not normally be admissible before the court during formal trial.
Id. at 9. In Ex parte Williams , in a footnote again we stated that "[a] trial judge should not participate in plea discussions or negotiations until an agreement has been reached between a defendant and the State." Ex parte Williams , 704 S.W.2d 773, 777 n.6 (Tex. Crim. App. 1986) (citing Shuflin ). In Perkins , we summarized:
Although Texas trial judges are not expressly prohibited by statute or any rule of law from participating in a plea bargaining session, this Court has nevertheless suggested that a trial judge should not participate in any plea bargain agreement discussions until an agreement has been reached between the prosecutor and the defendant. See Ex parte Williams , 704 S.W.2d 773, 777, fn. 6 (Tex. Cr. App. 1986). The reason for *183 this suggestion is that the trial judge should always avoid the appearance of any judicial coercion or prejudgment of the defendant since such influence might affect the voluntariness of the defendant's plea. Also see, for example, State ex rel. Bryan v. McDonald , 662 S.W.2d 5, 9 (Tex. Cr. App. 1983) ; Ex parte Shuflin , 528 S.W.2d 610, 615-617 (Tex. Cr. App. 1975) ; and Kincaid v. State , 500 S.W.2d 487, 490-491 (Tex. Cr. App. 1973).
Perkins v. Court of Appeals for the Third Supreme Judicial Dist. of Tex., at Austin , 738 S.W.2d 276, 282 (Tex. Crim. App. 1987). The idea that courts should not play a part in the plea bargaining process is thus well-established, and Jonathan Moore 's discussion of the plea bargaining process did not announce some new change in the law. It is one thing to be asked to overrule one line of case law when it conflicts with another line of case law. As we stated nearly a century ago in Middleton :
We have much respect for the ancient and honored doctrine of stare decisis, but as between a line of decisions of this court which we believe announces the law correctly and another line of decisions which appear to us to arrive at incorrect conclusions and to be based upon erroneous citations, we believe our duty is plain to announce the error when our attention is called to the same, and to affirm our view of what the law really is.
Middleton v. State , 86 Tex.Crim. 307, 217 S.W. 1046, 1052 (1920) (op. on reh'g). Jonathan Moore and the line of cases going back to Kincaid announce the law correctly. The State cites no contradictory authority. Indeed, the State cites no authority for its argument. Accordingly, there is no need to disturb the Jonathan Moore opinion. The State's third ground asking us to reconsider Jonathan Moore should be overruled.
Misreading of the Record
The State's second ground argues that the court of appeals misread the record in finding an error in this case. The relevant portion of the record is as follows:
THE COURT: Ms. Hallmark, let me tell you what the agreement is that you have agreed to, and you tell me whether that's what you signed up for, okay.
Your case is set a week from Monday, for jury trial, and today was the trial announcement, where you had to commit to what you want to do, and your lawyer and the D.A. said that y'all had worked a deal out and that you wanted to plead guilty but be sentenced in January.
And I said that I would do it on two things: One, you would have to waive a jury, so I could take it off the jury docket for later in the month; and that if you came at the time you were supposed to, then I would follow the plea bargain out.
If you did not come, and chose not to show, then you would be looking at the full range of punishment on the third-degree felony, and I would assess your range of punishment, and the plea would be off. So if you do your part, you get your deal. If you don't, then I decide what you get, no jury.
(Rep. R. vol. 2, 8). According to the State, the parties already had the proposed deal and approached the trial court off the record, and the proposed deal included delayed sentencing. From my reading of the record, this much appears to be true. I agree with the State that, from the trial court's statement that "y'all had worked a deal out and that you wanted to plead guilty but be sentenced in January," the proposal for sentencing in January was *184 pre-existing before the parties approached the court.
However, something different is revealed by the next words from the court: "And I said that I would do it on two things: One, you would have to waive a jury, so I could take it off the jury docket for later in the month; and that if you came at the time you were supposed to, then I would follow the plea bargain out." The court of appeals took this passage to mean that the conditions were introduced by the trial court. Hallmark , 2016 WL 4379500 at *3 ("the trial court's statements at the plea hearing indicate that such a condition did not exist until the plea bargain agreement was presented to the trial court, at which point the trial court added the additional condition"). The State argues that the court of appeals was wrong and this passage actually reflected that the plea bargain agreement, even before it was presented to the trial court, consisted of a plea of guilty and a promise to appear at a later sentencing date in exchange for the later sentencing date and a three year sentence if Appellant appeared or an open plea if she did not.
I agree with the reading by the court of appeals. From this language, it seems clear that the parties brought forth their proposed plea bargain agreement and a proposal for sentencing in January to the court. The court then placed conditions on its acceptance of the delayed sentencing. The court throughout this discussion with Appellant is clearly speaking for itself ("I"). The court is also clearly promising to do a particular thing ("would do it") in exchange for Appellant promising to do specified things in return ("on two things"). It is plain that the court became more involved in the process, and, apparently, the court offered a separate agreement to Appellant. First, in exchange for Appellant's waiver of jury trial and a promise to return at the later sentencing date, the court agreed to reset the case for later sentencing. Second, in exchange for Appellant actually showing up at the later sentencing date, the court agreed to follow the plea bargain agreement. In accepting the guilty plea, the trial court specifically stated:
THE COURT: On your plea, and the evidence introduced, I find there's sufficient evidence to find you guilty. I find you guilty of the offense of hindering apprehension in Cause No. 15CR-064.
I will assess your punishment on January 21, 2016, at nine o'clock, to three years on the condition you are here. If you are not here, then I will assess the punishment within the range.
(Rep. R. vol. 2, 12-13).
I disagree with the State's characterization of the condition as a part of the original plea bargain agreement. A plea bargain agreement is a contract between the State and a defendant. Jonathan Moore , 295 S.W.3d at 331 ; Ex parte Cox , 482 S.W.3d 112, 116 (Tex. Crim. App. 2016). As between the State and Appellant, the agreement was that Appellant would plead guilty in exchange for a three year sentence recommendation from the State. However, the delay in sentencing was a matter between Appellant and the court-the court agreed to the delay in exchange for Appellant's waiver of jury trial and Appellant's promise to return. Next, the court and Appellant also agreed that, in exchange for Appellant actually appearing at the later sentencing hearing, the court would agree to follow the plea bargain agreement. If Appellant breached that promise, the court would be discharged from its obligation and would sentence Appellant within the range of punishment. This did not modify or become part of the original plea bargain agreement. It merely placed a condition on its acceptance.
*185 In Jonathan Moore , we recognized that a trial court may conditionally accept a plea bargain agreement, but only by delaying the unconditional acceptance or rejection of the agreement until after the condition of acceptance has been fulfilled. Jonathan Moore , 295 S.W.3d at 332. Here, the trial court conditionally accepted the plea bargain agreement, with the condition being that Appellant appear at the later sentencing date. Appellant failed to do so. The condition of acceptance had not been fulfilled. The trial court then followed through with its warning at the plea hearing that if Appellant did not show "the plea would be off." Indeed, during the sentencing hearing the court stated that it was "not following the plea bargain." (Rep. R. vol. 3, 5). Plainly, the trial court rejected the plea bargain agreement.
It seems apparent that the State had already agreed to the delayed sentencing date and a recommended three-year sentence in exchange for Appellant's guilty plea and that it was the unilateral action of the trial court that imposed the additional condition regarding Appellant's appearance on the specified future sentencing date. Such unilateral action by the trial court cannot properly alter the original negotiated plea agreement between the parties, and such additional condition could only go to whether the trial court would ultimately accept or reject the parties' plea agreement.
When a trial court rejects a plea bargain agreement, it must permit withdrawal of the plea. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West 2009 & Supp. 2016); Jonathan Moore , 295 S.W.3d at 332. The court of appeals held that the trial court rejected the plea bargain agreement and then abused its discretion by overruling Appellant's objection and declining to permit her to withdraw her guilty plea. I agree. Therefore, the State's second ground, that the court of appeals misread the record in applying Jonathan Moore , should be overruled.
Estoppel
Finally, the State argues that, even if Appellant's claim is not forfeited, Appellant is estopped by contract from contesting the trial court's rejection of the plea bargain agreement because she accepted and enjoyed the benefit of the bargain. Estoppel by contract occurs where a party who accepts a benefit under a contract is prevented from questioning the contract's existence, validity, or effect. Rhodes v. State , 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) (citing 31 C.J.S. Estoppel & Waiver § 124, p. 554).
On review of the record, I do not agree that Appellant is estopped in this case. As discussed above, there were effectively two parts to the agreement between Appellant and the court. The first part contemplated that the court would grant delayed sentencing in exchange for Appellant waiving jury trial and promising to return at the later sentencing date. Both parties got the benefit of that bargain: the court got to clear its jury docket and Appellant got a delay in sentencing. However, the second part contemplated that Appellant return on the later sentencing date in exchange for the court following the plea bargain agreement. Estoppel might have applied if the court, relying on the promise Appellant had made, followed the plea bargain agreement, and Appellant subsequently repudiated her promise to appear on the sentencing hearing date. But those are not the facts of this case. The facts of this case are that Appellant did not appear at the scheduled date and the court did not follow the plea bargain agreement. In other words, she committed a material breach of the contract and the court was discharged from its obligation under the contract. Because *186 the plea bargain agreement was not followed, Appellant consequently had no benefit of this bargain to enjoy. Furthermore, Appellant does not question the agreement's existence, validity, or effect. She does not claim that she made no such agreement to return on the later sentencing hearing date or that the agreement was unenforceable or illegal. There is no estoppel by contract here.
Conclusion
In conclusion, I would hold that, from Appellant's objection that the trial court's sentence rendered her waivers and plea involuntary after the court rejected the plea bargain agreement, Appellant's desire to withdraw her guilty plea was apparent from the record. The claim that the trial court did not allow her to withdraw her plea was therefore preserved. On that claim, I agree with the court of appeals that the trial court erred by not allowing Appellant to withdraw her guilty plea after she objected to the court's rejection of the plea bargain agreement. Accordingly, I would affirm the judgment of the court of appeals. Because the majority does not so affirm, I respectfully dissent.

Article 26.13(a)(2) provides that:
(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
...
(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of a plea bargain agreement between the state and the defendant and, if an agreement exists, the court shall inform the defendant whether it will follow or reject the agreement in open court and before any finding on the plea. Should the court reject the agreement, the defendant shall be permitted to withdraw the defendant's plea of guilty or nolo contendere.
Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West 2009 & Supp. 2016).

Appellant's offense, felony hindering apprehension or prosecution, is a third degree felony punishable by imprisonment for two to ten years. See Tex. Penal Code Ann. § 38.05(d) (West 2016); Tex. Penal Code Ann. § 12.34(a) (West 2011 & Supp. 2016).

We include the parties' first names in the style to distinguish the two discussed Moore cases.