

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00120-CR

JENNIFER RENEE DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court[1]
McLennan County, Texas
Trial Court No. 2019-1513-C2, Honorable Matt Johnson, Presiding

October 14, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Pursuant to a plea bargain agreement, appellant, Jennifer Renee Davis, pled guilty to the offense of possession of a controlled substance in an amount less than one gram, a state jail felony.[2] The trial court sentenced her to twenty-four months' confinement. Notwithstanding the trial court's certification that appellant has no right of appeal, she filed

---

[1] Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

this appeal. Now pending before this Court is the *State's Motion to Dismiss* based on the trial court's certification. We grant the motion and dismiss the appeal.

Background

Appellant was indicted for the third-degree felony offense of possession of a controlled substance in an amount of one gram or more but less than four grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). She later entered into a plea agreement with the State, agreeing to plead guilty to the lesser-included offense of state-jail felony possession in exchange for a recommended sentence of nine-months' confinement. Appellant pled guilty to this lesser-included offense at her arraignment on December 16, 2019.

As part of her plea agreement, appellant requested to remain free on bond until sentencing and agreed, per the *Request Concerning Bond Pending Further Proceedings Disclosure of Further Negotiated Plea Agreement*, that failure to appear would authorize the trial court to "impose a sentence within the full range of punishment, up to and including the maximum time and fine provided by law for the offense." The plea agreement further provided that "[s]hould Defendant fail to so appear [she] agrees and stipulates that for purposes of appeal the punishment actually assessed and imposed by the Trial Court will not and does not exceed the punishment recommended by the prosecutor and agreed to by the Defendant."

Appellant failed to appear for her sentencing hearing on January 10, 2020. She appeared before the trial court, however, on March 5, 2020. At that time, the trial court accepted her guilty plea, adjudged appellant guilty, and sentenced her to the maximum time allowed for the state-jail felony offense, twenty-four months' confinement. *See* TEX.

PENAL CODE ANN. § 12.35(a) (West 2019).  The trial court also signed a certification reflecting that this "is a plea-bargain case, and the defendant has NO right of appeal."

Analysis

A trial court must enter a certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order.  TEX. R. APP. P. 25.2(a)(2).  In a plea bargain case, where a defendant's plea was guilty and the punishment assessed did not exceed the punishment recommended by the State, an appellant may only appeal those matters raised by written motion filed and ruled on before trial, after getting the trial court's permission to appeal, or where the specific appeal is expressly authorized by law.  *Id*. Appellate courts must ascertain whether a certification comports with the appellate record.  *Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).  If a certification that shows the defendant has the right of appeal has not been made part of the record, an appellate court must dismiss the appeal.  TEX. R. APP. P. 25.2(d).

Although appellant's sentence exceeded the nine months' confinement recommended by the State, the trial court followed the terms of the "further negotiated plea agreement" by imposing a sentence within the full range of punishment for the offense after appellant failed to appear.  *See Hallmark v. State*, 541 S.W.3d 167, 170 (Tex. Crim. App. 2017) (concluding that a trial court properly followed a plea agreement that allowed appellant to be sentenced within the full range of punishment if she failed to appear for sentencing).  By the express terms of the plea agreement, this conditional sentence did "not exceed the punishment recommended by the prosecutor and agreed to by the Defendant."  Accordingly, the trial court's certification that this is a plea bargain case with no

right of appeal comports with the record. *See* TEX. R. APP. 25.2(a)(2); *Dears*, 154 S.W.3d at 613-15.

By letter of September 21, 2020, we directed appellant to respond to the *State's Motion to Dismiss.* Appellant's counsel filed a response stating that he found no legal basis to oppose the State's motion.

Because the trial court has filed a certification reflecting that appellant has no right of appeal and appellant has not demonstrated grounds for continuing the appeal, we grant the *State's Motion to Dismiss* and dismiss the appeal based on the certification. *See* TEX. R. APP. P. 25.2(d).

Per Curiam

Do not publish.