

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00180-CR
No. 07-21-00181-CR

**MARK ANTHONY WEAVER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 4072, 4073, Honorable Stuart Messer, Presiding

August 16, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

We address two appeals by Mark Anthony Weaver. They involve two separate convictions for twice sexually assaulting a child. His pleading guilty to each initially resulted in him having the adjudication of his guilt deferred. But, within six months of that, he began violating the conditions of his community supervision. So, the State moved to adjudicate his guilt for both crimes. Upon hearing evidence and argument, the trial court granted the State's motions, adjudicated him guilty, sentenced him to serve sixteen years

in prison, and levied a $6,000 fine for each conviction. The two prison terms were ordered to be served consecutively. Weaver appealed both convictions, contending that the sixteen-year sentences were grossly disproportionate to the nature of the crime. We affirm.

### *Applicable Law*

Sexual assault of a child under seventeen is a second-degree felony. TEX. PENAL CODE ANN. § 22.011(f). Such a felony is punishable by a prison term of not less than two years or more than twenty, coupled with a fine up to $10,000. *Id.* § 12.33. Each of the sentences levied at bar fell within that range. *See Johnson v. State,* No. 07-20-00053-CR, 2021 Tex. App. LEXIS 10071, at *7 (Tex. App.—Amarillo Dec. 21, 2021, pet. ref'd) (mem. op., not designated for publication) (stating that a sentence within the statutory range of punishment is not excessive, cruel, or unusual).

Next, a claim like that before us must be preserved for review. *Green v. State*, No. 07-19-00411-CR, 2021 Tex. App. LEXIS 5589, at *16 (Tex. App.—Amarillo July 14, 2021, pet. ref'd) (mem. op., not designated for publication). One does that by presenting "to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Id.* Preservation also requires that the grounds urged on appeal comport with those presented to the trial court. *Hallmark v. State*, 541 S.W.3d 167, 171 (Tex. Crim. App. 2017) (stating that a claim raised on appeal will not be considered if it varies from the objection made at trial). With that in mind, we observe the following. To the extent that appellant broached the topic of an unconstitutional sentence to the trial court, it occurred during his counsel's closing argument. He argued: "we would object to any stacking of the sentences, ask that they run concurrent so as not to violate Mr. Weaver's

2

right to the Eighth Amendment, which is the right against cruel and unusual punishment." Assuming that brought to the trial court's attention the specific allegation of disproportionality, the specific ground underlying the claim was quite limited. It involved "stacking of the sentences." Defense counsel suggested that stacking the sentences could violate his client's Eighth Amendment right. Yet, nothing is said of stacking on appeal. Instead, appellant's argument here focuses only on the length of the prison terms. That is, he believes assessing sixteen years is disproportionate to the nature of the crime. This means that the grounds he urged below do not comport with those raised on appeal, and the latter were not preserved.

And, if for some reason one could interpret his current argument as encompassing the sole ground urged below, it appears that stacking sentences does not alone make sentences grossly disproportionate to the offense. Indeed, the appellant's two ***seventy-five-year*** sentences for sexually assaulting a child were stacked, and we did not find them to be disproportionate in *Johnson*, 2021 Tex. App. LEXIS 10071, at *6–9. Instead, we concluded the evidence illustrating that he failed to take his community supervision seriously, his prior convictions, his repeated rape of a fifteen-year-old, and his continuing criminal conduct removed the sentences from the realm of the exceedingly rare case within the parameters of a grossly disproportionate sentence. *Id.*

Like *Johnson*, the evidence here also illustrates that appellant took his opportunity to reform while on community supervision less than seriously. Soon after he was granted the opportunity, he began to violate the terms of his probation, which violations included ingesting controlled substances, drinking alcohol, viewing pornography, and residing in homes with children. Moreover, appellant admitted to many of the violations. Nor can

3

we ignore that he thrice sexually assaulted children. These events consist of the two underlying convictions before us and another committed earlier involving a seven-year-old. The latter resulted in his conviction for aggravated sexual assault of a child. In short, neither the two sixteen-year sentences nor stacking them fall within the exceedingly rare case of disproportionate sentences.

We overrule the sole issue before us and affirm the two judgments convicting appellant of sexually assaulting a child.

Brian Quinn
Chief Justice

Do not publish.

4