**Opinion issued November 26, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00861-CR**

———————————

**BRETT RANDOLPH JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 21-DCR-095294A**

---

**MEMORANDUM OPINION**

Brett Randolph Jones pleaded guilty to the second-degree felony offense of

aggravated assault with a deadly weapon against a person with whom he had a dating

relationship.[1] Following the preparation of a presentence investigation report ("PSI report"), the trial court held a sentencing hearing and heard testimony from four witnesses. The court assessed punishment at ten years' confinement.

In two issues on appeal, Jones argues that (1) the trial court erred by admitting extraneous offense testimony from two witnesses because the State did not provide timely notice of its intent to offer extraneous offense testimony through these witnesses; and (2) the court erred by admitting extraneous offense testimony from a third witness because the State failed to give notice of a specific bad act allegedly committed against that witness. We affirm.

**Background**

In December 2020, Jones and Mary Kate Copeland, the complainant, were in a relationship. On Christmas Eve, Copeland went to the emergency room. Her mother brought her home from the hospital that night, and Copeland had bruising on her face and "had obviously been through a difficult event." Copeland did not speak about what had happened, but she was "very emotional" and "had some trauma."

A Fort Bend County grand jury indicted Jones for the first-degree felony offense of aggravated assault against Copeland, a person who was a member of

---

[1]     *See* TEX. PENAL CODE § 22.02(a)(2).

Jones' family or household or who was in a dating relationship with Jones.[2] The indictment alleged that Jones caused serious bodily injury to Copeland by pulling her hair or striking her with his hands, a pole, a stick, a wooden object, or an unknown object, and he used a deadly weapon during the assault.

In July 2021, Jones requested discovery and written notice of the State's intent to use extraneous offense evidence under Rule of Evidence 404, Rule 609, and Code of Criminal Procedure article 37.07. In May 2022, the State provided notice of the extraneous offense evidence that it intended to introduce at trial. Under a heading entitled "Other Charges Rejected or Filed Unadjudicated at the Fort Bend County District Attorney's Office," the notice stated:

1.  Continuous Violence Against the Family . . . rejected on 7/25/2019 to be refiled as a Class C Assault with Christina Cobos [Jones' ex-girlfriend] as the listed victim.

2.  Assault Causes Bodily Injury Family Violence . . . filed unadjudicated . . . on 11/21/2017 with Ashley Smith [Jones' ex-wife] as the listed victim.

3.  Continuous Violence Against the Family . . . filed unadjudicated with [sic] on 3/7/2019[.]

The notice also listed numerous bad acts that allegedly occurred during Jones' relationship with Smith.

---

[2] A grand jury originally indicted Jones in April 2021. A separate grand jury reindicted Jones in November 2022 in a separate trial court cause number, and this later case is the case underlying this appeal. The trial court granted the State's motion to dismiss the original cause number on September 1, 2023, the same date Jones pleaded guilty to the underlying charge.

Jones and the State reached a plea agreement. In this agreement, Jones acknowledged that he had been charged with the first-degree felony offense of aggravated assault with a deadly weapon against a family member or member of his household. He agreed to plead guilty to the lesser-included offense of "Aggravated Assault With a Deadly Weapon Family Violence," a second-degree felony with a punishment range of two to twenty years' confinement. Jones and the State agreed "to proceed with a presentence investigation, with punishment to be determined by the Court." The State also agreed to dismiss three other pending charges against Jones, including an offense against Smith and two offenses against Cobos.

The trial court accepted Jones' guilty plea on September 1, 2023. The court ordered preparation of a PSI report and set the sentencing hearing for November 7, 2023.

On October 31, 2023, the State filed an amended response to Jones' request for discovery of extraneous offenses. Under a heading entitled "Defendant's Criminal History," the State listed three offenses relevant to this appeal: (1) a 2017 "Continuous Family Violence" charge with Smith as the complainant; (2) a 2019 "Aggravated Assault with a Deadly Weapon" charge with Cobos as the complainant; and (3) a 2019 "Assault Impeding Breath/Circulation" charge with Cobos as the complainant. The notice indicated that all three charges had been dismissed as part of the agreement for Jones to plead guilty to the underlying offense. The notice listed

numerous bad acts that allegedly occurred during Jones' relationships with Smith and Cobos, as well as statements that Jones allegedly made to Deanna Feagan, Jones' former mother-in-law and the maternal grandmother of his son.

At the beginning of the sentencing hearing, Jones announced not ready. Counsel stated that she had not had sufficient time to review the PSI report with Jones before the hearing. Counsel also objected to the PSI report because the officer writing the report had not had an opportunity to speak with Copeland, the complainant for the underlying charge. Copeland allegedly did not want to testify at the sentencing hearing, but she did want to speak with the investigating officer. Counsel requested a "brief reset" so the officer could complete the PSI report with Copeland's input. The trial court noted that Jones had pleaded guilty to the underlying offense, and the court did not "see the need for having the victim's statement." The court overruled Jones' objection and took judicial notice of the PSI report.[3]

During opening statements, defense counsel stated that the trial court should not consider any evidence or testimony that does not relate to the assault on Copeland, as that evidence is "entirely prejudicial" and punishes Jones "for acts that do not pertain to the complaining witness at hand or the case at hand." Counsel

---

[3] No party offered the PSI report into evidence, and therefore the report is not part of the appellate record.

requested that the court place Jones on community supervision for ten years, which would protect Copeland while allowing Jones to receive counseling and rehabilitation services that he could not receive in prison.

Four witnesses testified at the sentencing hearing: Smith, Cobos, Feagan, and Katherine Henninger, Copeland's mother. Defense counsel objected prior to Smith's testimony, arguing that Smith was "not the complaining witness in the case at hand" and that Smith's testimony will not "offer any further information for the Court." When the State asked Smith whether Jones had ever been violent with her, defense counsel again objected, stating that "these are facts that have not been proven by any evidence," the facts "have not been proven beyond a reasonable doubt," Smith's testimony was "extremely prejudicial," and Smith's testimony did not relate "to the underlying facts of this case." The trial court later granted defense counsel a running objection on these grounds.

Both Smith and Cobos testified about specific instances of violence that occurred during their relationships with Jones. Smith testified that during one incident, Jones hit her on the back of her head with a rod from the closet. Cobos recounted a specific incident in which Jones became frustrated with her, and he then "shoved [her] towards the wall with his hands at [her] throat" and "lift[ed her] a bit off of the floor against the wall." Defense counsel did not object to either woman's

testimony on the basis that the State did not provide timely notice of the extraneous offenses or bad acts.

Feagan testified about her interactions with Jones and his son. She testified that on one occasion she heard Jones "screaming and yelling" at his son over the phone. On other occasions, when Feagan asked her grandson a question, Jones would be in the background telling him how to answer. Defense counsel did not object to any of Feagan's testimony on the basis that Jones did not receive timely notice of the State's intent to use this testimony.

At the close of the hearing, the trial court assessed Jones' punishment at confinement for ten years. The judgment included affirmative findings that this case involved a deadly weapon and family violence. This appeal followed.

## Admission of Extraneous Offense Evidence

In his first and second issues, Jones argues that the trial court erred by admitting testimony about extraneous offenses in violation of Rule 404(b) and Code of Criminal Procedure article 37.07. Specifically, Jones argues that the court erred by admitting extraneous offense testimony from Cobos and Feagan because the State did not timely provide notice of intent to offer extraneous offense evidence through these witnesses. Jones also argues that the court erred by admitting extraneous offense testimony from Smith because the State failed to provide notice of the specific allegation that Jones struck Smith with a closet rod.

7

## A. Standard of Review and Governing Law

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Inthalangsy v. State*, 634 S.W.3d 749, 754 (Tex. Crim. App. 2021). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or when it acts arbitrarily or unreasonably. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). We will uphold a trial court's ruling on admissibility so long as the decision is within the zone of reasonable disagreement. *Inthalangsy*, 634 S.W.3d at 754.

Code of Criminal Procedure article 37.07, § 3, governs the admissibility of evidence during the punishment phase of trial. The statute provides:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant . . . and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1). Upon the defendant's timely request, the State must give notice of intent to introduce evidence under this article "in the same manner required by Rule 404(b)." *Id.* art. 37.07, § 3(g). Rule 404(b) requires the State to "provide reasonable notice before trial" that it intends to introduce extraneous offense evidence in its case-in-chief. TEX. R. EVID. 404(b)(2). If the State

8

intends to introduce evidence of an extraneous offense that has not resulted in a final conviction or a probated or suspended sentence, notice is reasonable only if it "includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act." TEX. CODE CRIM. PROC. art. 37.07, § 3(g).

Neither Rule 404(b) nor article 37.07 define what constitutes "reasonable notice." *Francis v. State*, 445 S.W.3d 307, 318 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 428 S.W.3d 850 (Tex. Crim. App. 2014). Instead, courts determine whether notice is reasonable "based on the facts and circumstances of each individual case." *Id.*; *see Villarreal v. State*, 470 S.W.3d 168, 176 (Tex. App.—Austin 2015, no pet.) (stating that purpose of notice requirement for extraneous offense evidence is to prevent defense from being surprised).

## B. Whether Jones Preserved His Complaints for Appellate Review

On appeal, Jones argues that the trial court erred by admitting extraneous offense testimony from three witnesses during his sentencing hearing. He argues that the State failed to provide reasonable notice that it intended to use such testimony from Cobos and Feagan. He further argues that the State failed to provide reasonable notice that it intended to introduce an allegation by Smith that Jones hit her in the head with a closet rod, an allegation that was not included in the notice the State

9

provided. In response, the State argues that Jones failed to preserve any of these complaints for appellate review. We agree with the State.

To preserve a complaint for appellate review, the complaining party must show that he made the complaint to the trial court by timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the court aware of the complaint, and the court ruled on the request, objection, or motion. TEX. R. APP. P. 33.1(a). Preservation of error is a "systemic requirement." *Null v. State*, 690 S.W.3d 305, 318 (Tex. Crim. App. 2024). "The purpose for requiring a timely, specific objection is twofold: (1) it informs the judge of the basis of the objection and affords him an opportunity to rule on it[;] and (2) it affords opposing counsel an opportunity to respond to the complaint." *Id.* (quoting *Williams v. State*, 662 S.W.3d 452, 460 (Tex. Crim. App. 2021)).

A party need not use "magic words" or recite a specific statute to make a valid objection. *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). The objection must be sufficiently clear to allow the trial court and opposing counsel an opportunity to address—and, if necessary, correct—the purported error. *Id.*; *see Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (stating that while "hyper-technical or formalistic use of words or phrases" is not required, objecting party "must still let the trial judge know what he wants [and] why he thinks he is entitled to it," and party must "do so clearly enough for the judge to understand him

at a time when the judge is in the proper position to do something about it") (quotations omitted). The complaint raised on appeal must, however, comport with the objection made at trial. *Clark*, 365 S.W.3d at 339. If the appellate complaint does not, nothing is preserved for appellate review. *Hallmark v. State*, 541 S.W.3d 167, 171 (Tex. Crim. App. 2017).

### 1. The Testimony of Ashley Smith

On appeal, Jones argues that the trial court erred by admitting Smith's testimony that he struck her in the back of the head with a closet rod because the State failed to give him timely notice that it intended to use this extraneous bad act allegation. He further argues that the State's "overall notice" concerning its intent to use extraneous offense testimony was untimely.

At the sentencing hearing, the State called Smith as its first witness. Defense counsel immediately objected because Smith was "not the complaining witness in the case at hand, nor does anything that she has to provide offer any further information for the Court." The trial court suggested that defense counsel object "at the time that the question is asked." Shortly after Smith began testifying, the following exchange occurred:

| | |
|---|---|
| The State: | Okay. In the course of your relationship with [Jones], was he ever violent towards you? |
| Smith: | Yes. |
| Defense counsel: | Judge, I would object to this line of questioning. Again, these are facts that have not been proven by |

11

|  |  |
|---|---|
|  | any evidence and, thus, they have not been proven beyond a reasonable doubt. And I would object that they are extremely prejudicial and do not go to the underlying facts of this case. |
| The Court: | State. |
| The State: | Your Honor, under 37.07 Section 3, evidence of prior criminal records in all criminal cases after a finding of guilty, it does include that I am allowed to go into and the Court may consider any other evidence of extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be criminally responsible. That is what we are trying to do here, Judge. |
| The Court: | Any response, [defense counsel]? |
| Defense counsel: | Judge, yes. That still requires that that evidence be proved beyond a reasonable doubt. The State cannot come in here and bring up information and accusations with no basis for the truth of those matters other than the words coming out of the individual's mouth that is on the stand. That is not evidence that can be brought in and it is extremely prejudicial and it is not relevant to this case. |
| The Court: | Your objection to relevancy is overruled. The Judge will decide if this witness is credible and weigh the determination of this as to whether or not the State can prove this beyond a reasonable doubt. So your objections are overruled. |

After this objection and ruling, Smith testified concerning an incident that occurred in 2014, during which Jones held a gun to her head and threatened her. Defense counsel again objected "as these are facts that the witness is providing that cannot be proven beyond a reasonable doubt." Counsel stated that "[t]here is no

additional evidence to substantiate the claims as stated by this witness," Smith's testimony was "extremely prejudicial," and the court "has no idea on how to verify" Smith's testimony. The court overruled the objection but granted defense counsel a running objection.

Smith also testified about a violent altercation that occurred in 2016 or 2017, after she and Jones had married. Smith's testimony about this altercation included a statement that Jones "went to try to hit [her] with the closet rod in the back of the head." The State then asked Smith whether Jones hit her in the back of the head and did so with the closet rod, and Smith responded "yes" to both questions. Defense counsel did not object to this testimony.

Jones objected at various points throughout Smith's testimony, but he never objected on the basis that the State did not provide timely notice of its intent to use extraneous offense evidence, nor did he object that the State did not provide notice of its intent to use the specific allegation that Jones struck Smith in the head with a closet rod. Jones' appellate complaint relating to Smith's testimony does not comport with his trial objections, which were primarily based on defense counsel's contentions that Smith's testimony alone could not prove beyond a reasonable doubt that the extraneous bad acts occurred and that the testimony was prejudicial. *See Clark*, 365 S.W.3d at 339. We therefore conclude that Jones has not preserved his appellate complaint concerning the State's alleged failure to provide timely notice

13

of Smith's extraneous offense testimony generally or notice of Smith's specific allegation that Jones used a closet rod to strike her in the back of the head. *See Hallmark*, 541 S.W.3d at 171.

### 2. The Testimony of Christina Cobos and Deanna Feagan

Jones also argues that the State did not timely provide notice that it intended to rely on extraneous offenses testified to by Cobos and Feagan because the State's notice identifying its intent to use these acts was filed on October 31, 2023, only four full business days before the sentencing hearing on November 7, 2023.

Cobos testified concerning a violent altercation involving Jones that occurred in 2018. Defense counsel objected to the narrative nature of Cobos' testimony, as well as to the relevance of this testimony. Cobos later testified concerning her beliefs that Jones had taken money from her and that Jones' mother paid most of his expenses, and defense counsel objected to both statements on speculation grounds. Aside from two other objections that the State was using leading questions while questioning Cobos, these were the only objections defense counsel made to Cobos' testimony.

Feagan testified concerning her interactions with Jones, particularly his behavior while she was on the phone with her grandson. Defense counsel objected on two occasions during Feagan's testimony. Counsel objected based on hearsay in response to Feagan's testimony concerning an explanation Jones gave for why his

son could not visit Feagan for Spring Break one year. Counsel also objected based on relevance when the State asked Feagan if Jones allowed his son to call her when they could not see each other in person. Counsel did not object to Feagan's testimony on any other basis.

Defense counsel therefore did not object to the testimony of either Cobos or Feagan on the basis that the State failed to provide timely notice of its intent to use their extraneous offense testimony. Moreover, even assuming that the running objection defense counsel obtained with respect to Smith's testimony covers Cobos' and Feagan's testimony, we note that this running objection was made on the grounds that (1) the State could not prove the extraneous offense beyond a reasonable doubt based on witness testimony alone; (2) the testimony was extremely prejudicial; and (3) the trial court had no way to verify the veracity of the testimony. Defense counsel never objected to any extraneous offense evidence on the basis that the State did not timely provide notice of its intent to use such testimony. Jones' complaint on appeal, therefore, does not comport with the running objection obtained at trial. *See Clark*, 365 S.W.3d at 339. We therefore conclude that Jones failed to preserve for appellate review his complaint that the State did not timely provide notice of its intent to use the extraneous offense testimony of Cobos and Feagan. *See Hallmark*, 541 S.W.3d at 171.

We overrule Jones' first and second issues.

15

## Conclusion

We affirm the judgment of the trial court.

David Gunn
Justice

Panel consists of Justices Goodman, Countiss, and Gunn.

Do not publish. TEX. R. APP. P. 47.2(b).