

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00249-CR
_____

PAULA DENISE DIXON HAWKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 53960-A

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Paula Denise Dixon Hawkins pled guilty to felony injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(f) (Supp.). After a bench trial on punishment, the trial court sentenced Hawkins to eight years' imprisonment and ordered her to pay $355.00 in court costs.[1]

In her sole point of error in this appeal, Hawkins argues that the trial court's sentence is grossly disproportionate to her offense and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution. The State argues that this issue is unpreserved, and we agree.

An objection based on cruel and unusual grounds can be lodged in the trial court immediately after pronouncement of sentence. *See Hallmark v. State*, 541 S.W.3d 167, 169 (Tex. Crim. App. 2017). "A party is not excused from the procedural requirements for objecting at trial merely because an error involves a constitutional right." *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000). "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Davis v. State*, 614 S.W.3d 223, 232 (Tex. App.—Texarkana 2020, no pet.) (quoting *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.)); *see Jackson v. State*, 989 S.W.2d 842, 844 (Tex. App.—Texarkana 1999, no pet.).

In 1995, the Texas Court of Criminal Appeals held that an objection in the trial court is required to preserve an Eighth Amendment claim. *Curry v. State*, 910 S.W.2d 490, 497 (Tex.

---

[1]In companion cause numbers 06-23-00250-CR and 06-23-00251-CR, Hawkins appeals from two other convictions for felony injury to a child.

Crim. App. 1995) ("The appellant never objected at trial concerning cruel and unusual punishment."). The Texas Court of Criminal Appeals re-affirmed this principle as recently as 2017: "failure to preserve [an] Eight[h] Amendment claim at trial forfeits the claim for appellate review." *Ex parte Scott*, 541 S.W.3d 104, 118 n.14 (Tex. Crim. App. 2017) (orig. proceeding) (citing *Curry*, 910 S.W.2d at 497).

A review of the record shows that Hawkins lodged no complaint about her sentence, including constitutionality or disproportionality, at trial. Also, she filed no motion for new trial raising this issue. Because she did not present it to the trial court, we find Hawkins's sole point of error unpreserved for our review.

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     June 20, 2024
Date Decided:       June 21, 2024

Do Not Publish